[No. 2098-2.    Division Two.    December 28, 1976.]

LEONE F. CARLSON, *Respondent*, v. CHRISTINE L. CARLSON, ET AL, *Appellants*.

*George S. Kelley* and *Skoog & Mullin,* for appellants.

*Charles M. Granoski, Jr.,* and *Betzendorfer & Deutscher,* for respondent.

PETRIE, C.J.—This is an appeal by a mother and an adoptive father from an order allowing their child's maternal grandmother limited visitation rights with her granddaughter. The primary question presented is whether, pursuant to the provisions of RCW 26.09.240, a maternal grandparent may be granted visitation privileges over the objection of the child's natural mother and adoptive father.

Appellant Christine Spark (nee Carlson) gave birth to an illegitimate child on November 23, 1971. For the next 2 years, the child's maternal grandmother (respondent) cared for the child during working hours. In 1974, respondent-grandmother obtained an order in a California court granting her limited visitation rights. Appellants moved to Tacoma and were married following Mr. Spark's return from England after obtaining a divorce from his wife in that country. On December 11, 1974, respondent obtained an order in Superior Court for Pierce County granting full faith and credit to the California visitation order. Mr. Spark was awarded a stepparent adoption in May 1975.

In July 1975 respondent sought to enforce her visitation rights. Appellants countered by arguing for a modification of the December 11, 1974, order, based upon alleged change of circumstances: the adoption of the child by Mr. Spark. Appellants sought to deny the grandmother any visitation rights whatsoever.

The trial court found, among other things, that following Mr. Spark's adoption of the child, the respondent was prevented by the appellants from visiting the child pursuant to the December 11, 1974, order; that appellants were fit parents and there was no evidence of neglect or abuse of the child; that a great deal of friction and bitterness existed between Mrs. Spark and the respondent; that close ties of love and affection existed between the child and respondent as the result of a normal grandchild-grandmother relationship; and that it was in the child's best interests to continue the grandmother's privilege to visit the child.

The trial court concluded that due to a change in circumstances the California court order regarding visitation was

no longer entitled to full faith and credit, but that under the facts of this case Washington law permitted visitation by the grandmother if in the child's best interests. The court so ordered, and the appellants appeal therefrom.

It is apparent from the oral opinion of the trial court that the order permitting the grandmother visitation privileges was based upon a provision of the marriage dissolution act of 1973, RCW 26.09.240, which provides:

> A parent not granted custody of the child is entitled to reasonable visitation rights unless the court finds, after a hearing, that visitation would endanger the child's physical, mental, or emotional health. *The court may order visitation rights for any person when visitation may serve the best interest of the child.*
>
> The court may modify an order granting or denying visitation rights whenever modification would serve the best interests of the child but the court shall not restrict a parent's visitation rights unless it finds that the visitation would endanger the child's physical, mental, or emotional health.

(Italics ours.)

For the reasons hereinafter expressed, we hold that in the absence of a threshold change of status affecting the family unit, RCW 26.09.240 does not authorize the court to grant visitation rights to a third person, including a child's maternal grandparent. Visitation privileges to a person distinct from the basic family unit might be premised upon events or changes in status of the family unit including, but not necessarily limited by, the death of one or both of the child's natural parents, termination of the family unit by dissolution or separation of the parents, or child abuse or abandonment whereby normal parental custody and control must be forfeited.

In the absence of a threshold situation so affecting the interests of the child with regard to the continuity of the family unit, the welfare of the child will seldom, if ever, be served by a judicially imposed overriding of parental discretion to determine whether a third person, distinct from

the basic family unit, shall be permitted the privilege of visitation with the child.

The record before this court, including the findings of fact entered by the trial court, does not present any such threshold basis for invoking RCW 26.09.240 as it relates to third party visitation.

Although we decry the gross deterioration of the relationship between the child's natural mother and maternal grandmother to the extent that both may not share the child's life and development, nevertheless, there are significant reasons why even natural grandparents should not be granted visitation rights over the objection of the child's parents. In *Mimkon v. Ford*, 66 N.J. 426, 431, 332 A.2d 199, 201 (1975) these considerations were well stated:

(1) Ordinarily the parent's obligation to allow the grandparent to visit the child is moral, and not legal.

(2) The judicial enforcement of grandparent visitation rights would divide proper parental authority, thereby hindering it.

(3) The best interests of the child are not furthered by forcing the child into the midst of a conflict of authority and ill feelings between the parent and grandparent.

(4) Where there is a conflict as between grandparent and parent, the parent alone should be the judge, without having to account to anyone for the motives in denying the grandparent visitation.

(5) The ties of nature are the only efficacious means of restoring normal family relations and not the coercive measures which follow judicial intervention.

(Citations omitted.)

We adopt these policy considerations as controlling on the record before this court. The respondent suggests that the common law of this state provides a grandparent a right of visitation with a grandchild over its parents' objection. We know of no such right and are disinclined to declare the existence of one at this time. Accordingly, the order granting respondent, Leone F. Carlson, limited visitation privileges, is reversed.

PEARSON and REED, JJ., concur.