[No. 4037–2–III.  Division Three.  October 27, 1981.]

*In the Matter of the Marriage of* JAMES ROSS KLOUSE, *Appellant, and* BILLIE JOANN KLOUSE, *Respondent.*

*Frank L. Kurtz* and *Kurtz & Hurley,* for appellant.

*Terry Abeyta,* for respondent.

MUNSON, J.—James Klouse appeals from a denial of his petition seeking modification of visitation. The court ruled that the documentation he submitted did not evidence a change in circumstances and denied him a hearing. We remand for further proceedings.

The parties' decree of dissolution provided James visitation rights on the second and fourth weekends of each month, each alternate Thanksgiving and Christmas holiday, and custody for the month of July of each year. Three years later, his former wife, Billie, filed a petition seeking termination of James' parental rights, based upon his conviction for the crime of incest with a stepdaughter. Approximately 1 month later, the parties entered an agreed order modifying James' visitation rights by reducing them to supervised visitation in Billie's home for 3 hours on the second and fourth Sundays of each month. The court approved the agreed order August 31, 1979. In March 1980, James sought modification of that order, alleging by affidavit: (a) the supervised visitations were often characterized by hostility, ostensibly initiated by Billie, which made the children and him uncomfortable; (b) Billie had on at least one occasion informed him he could not see the children; and (c) he was receiving psychiatric treatment for the problems that led to the agreed order and he did not represent a danger to his children.

The trial court stated:

The question before the Court as the Court sees it is that

has there been a substantial change in circumstances since August 31st 1979. I say that because despite the fact that the basis for the modification of visitation is governed by Section 240 [RCW 26.09.240] and not 270 unless we consider and read into that that a modification of visitation is also a modification of custody which I suppose probably could be done. But the Court is of the opinion there must be a change in circumstances since the last order.

The court was aware of *Carlson v. Carlson*, 16 Wn. App. 595, 558 P.2d 836 (1976). There, Division Two had required a showing of a change in circumstances prior to granting a change in visitation. In *Selivanoff v. Selivanoff*, 12 Wn. App. 263, 529 P.2d 486 (1974), Division One, applying the laws that existed before the adoption of the marriage dissolution act of 1973, noted that change of visitation did require a material change in circumstances.

These holdings have been modified by RCW 26.09.240[1] which was amended subsequent to *Selivanoff* and *Carlson* by the 1977 legislature with the addition of the following italicized portion to paragraph one:

The court may order visitation rights for any person when visitation may serve the best interest of the child *whether or not there has been any change of circumstances.*

■ The trial court was aware of the amendment but believed the phrase "in the best interest of the child" still required a change in circumstances. We disagree: the impact of the 1977 amendment was to negate the require-

---

[1] "A parent not granted custody of the child is entitled to reasonable visitation rights unless the court finds, after a hearing, that visitation would endanger the child's physical, mental, or emotional health. The court may order visitation rights for any person when visitation may serve the best interest of the child whether or not there has been any change of circumstances.

"Any person may petition the court for visitation rights at any time including, but not limited to, custody proceedings.

"The court may modify an order granting or denying visitation rights whenever modification would serve the best interests of the child but the court shall not restrict a parent's visitation rights unless it finds that the visitation would endanger the child's physical, mental, or emotional health."

ment of showing a material change in circumstances. Furthermore, as noted by the court in *Selivanoff v. Selivanoff, supra* at 265, if a material change is required, it could be deemed to "occur where a provision in the original decree anticipates cooperation and that cooperation is not forthcoming."

There must be some basis shown to warrant a modification of visitation rights; but the standard does not rise to the level required for a change of custody or termination of parental rights. Here, the pleadings allege that the reviewed order had been based on James' prior conduct and in acquiescence to the mother's concern for her natural children, one of whom was a daughter. However, as the trial court was quick to point out:

> I cannot but condemn in the strongest terms the actions of the mother, if true, that she attempts to discuss the prior criminal act, attempts to dissuade the children from seeing their father. Not only because it's the wrong thing to do in violation of both the father's rights and the children's, but it's in violation of a specific order. So, with all that in mind and wishing that I could do otherwise, the Court will adhere to its ruling with a repeated admonition to the respondent that any deviation from the strictest terms of that order or . . . the rights of the father are interfered with either by refusing visitation or by attempting to poison the minds of the children, if brought before the attention of the Court will be dealt with—and I mean severely so.

The court erred in its interpretation of the law requiring a change in circumstances. We appreciate that prolific petitions for change of custody within a relatively short period of time could amount to harassment of either parent because of the ensuing legal costs and mental strain, and be disconcerting to the children. Notwithstanding, we find the 1977 legislature did not require a material change of circumstances before the court could consider a motion for change of visitation privileges. The court is entitled to exercise its discretion in granting visitation, and may consider many of the same factors as required in custodial

matters when the issue of visitation is before it; but the court may not require a showing of change of circumstances before exercising its discretion to set visitation. James should have been permitted to produce evidence to support his motion.

Remanded for proceedings consistent with this opinion.

McINTURFF, C.J., and ROE, J., concur.