**F.M. OLDS and Betty Olds, Appellants,**

v.

**Candice Lynn OLDS and Carol Anne Stiff, Appellees.**

No. 83–1359.

Supreme Court of Iowa.

Oct. 17, 1984.

Donald B. Clark of Norton & Freese, Lowden, for appellants.

Stuart Werling and L. Jeffrey Zearley, Tipton, for appellees.

Considered by REYNOLDSON, C.J., and HARRIS, McCORMICK, SCHULTZ, and CARTER, JJ.

McCORMICK, Justice.

Plaintiffs are maternal grandparents of four children with whom they seek visitation rights over the objection of the children's mothers, defendants in this case. The trial court held in adjudicating law points on separate motions by defendants that the court lacked authority to order visitation in these circumstances. We affirm the trial court.

▮ Iowa Rule of Civil Procedure 105 permits a party to obtain an adjudication of "any point of law raised in any pleading which goes to the whole or any material part of the case." The adjudication cannot be made if any material facts are in dispute. *See Montz v. Hill-Mont Land Co.,* 329 N.W.2d 657, 657 (Iowa 1983). In this case the material facts are established under the pleadings.

Defendants Candice Lynn Olds and Carol Anne Stiff are daughters of plaintiffs F.M. Olds and Betty Joan Olds. Both daughters are single. Candice is the custodial parent of a child born out of wedlock. Carol is the custodial parent of two children born during a marriage since dissolved and a third child conceived and born out of wedlock.

Plaintiffs brought the present action in equity in an effort to establish visitation rights with their four grandchildren. The defendant mothers resisted the petition on the ground that visitation would not be in the best interests of their children. In their motions to adjudicate law points, they contended that based on the relationships in this case the district court lacks authority to order grandparent visitation. Judge James R. Havercamp adjudicated the issue in Candice's favor, and Judge James E. Kelley adjudicated the issue in Carol's favor. Because these rulings were dispositive of the case, the petition was dismissed, and this appeal by the grandparents followed.

The parties agree that if the district court has authority to order grandparent visitation the authority must stem from the common law or from statute.

▮ We find no authority at common law in Iowa to order grandparent visitation over a custodial parent's resistance. This appears to be the situation elsewhere also, in the absence of statute:

In matters involving custody and visitation the ultimate concern of our courts is always for the welfare of the infant. This is the controlling element. In the past where the child's welfare did not dictate otherwise, the grandparents had neither a right to custody nor to visitation as against a parent. This was the common law of New Jersey.... In

those cases in which visitation was granted to a grandparent, the decision was bottomed wholly upon a consideration of the child's welfare. At no time was there a judicial recognition of the existence of any right in the grandparent.... The courts have been substantially unanimous in denying a grandparent visitation privileges with grandchildren when the custodial parent objects....

*Mimkon v. Ford,* 66 N.J. 426, 430, 332 A.2d 199, 200–01 (1975) (citations omitted). The underlying common law principle is that "[t]he right to determine the third parties who are to share in the custody and influence of and participate in the visitation privileges with the children should vest primarily with the parent who is charged with the daily responsibility of rearing the children." *Chodzko v. Chodzko,* 66 Ill.2d 28, 35, 4 Ill.Dec. 313, 316, 360 N.E.2d 60, 63 (1976).

Courts that give a custodial parent veto power over grandparent visitation do so on the basis that judicial enforcement of visitation would divide and thereby hamper proper parental authority, force the child into the midst of a conflict of authority and ill feelings between parent and grandparent, and coerce what should remain a moral rather than legal obligation. *See Ex parte Bronstein v. Bronstein,* 434 So.2d 780, 782 (Ala.1983); *Mimkon v. Ford,* 66 N.J. at 431, 332 A.2d at 201; *Carlson v. Carlson,* 16 Wash.App. 595, 597–98, 558 P.2d 836, 837–38 (1976); Annot., 90 A.L.R.3d 222, 225–26 (1979). Some courts have carved out exceptions to the general rule in special circumstances. *See, e.g., Boyles v. Boyles,* 14 Ill.App.3d 602, 603–04, 302 N.E.2d 199, 201 (1973) (allowing continuation of visitation by maternal grandparents who had been visited by children every day after their mother's death); *Lucchesi v. Lucchesi,* 330 Ill.App. 506, 510–12, 71 N.E.2d 920, 922 (1947) (allowing paternal grandparents to visit children after the death of their father); *Solomon v. Solomon,* 319 Ill.App. 618, 621–22, 49 N.E.2d 807, 809 (1943) (allowing paternal grandparents to visit when mother had custody and father was in military in a distant state). In the absence of

statute, however, the general rule is that grandparents cannot obtain visitation privileges over the objection of the custodial parent.

The situation in Iowa is affected by statute. Iowa Code section 598.35 (1983) provides:

The grandparents of a child may petition the district court for grandchild visitation rights when:

1. The parents of the child are divorced, or

2. A petition for dissolution of marriage has been filed by one of the parents of the child, or

3. The parent of the child, who is the child of the grandparents, has died, or

4. The child has been placed in a foster home.

A petition for grandchild visitation rights shall be granted only upon a finding that the visitation is in the best interests of the child.

By this enactment the General Assembly has delineated exceptions to the rule that grandparents have no common law right to visitation. *Cf. In the Matter of the Adoption of a Child by M.,* 140 N.J.Super. 91, 93, 355 A.2d 211, 212–13 (N.J.Super.Ct.Ch. Div.1976) (statute allowing grandparent visitation is in derogation of the common law). These exceptions are analogous to the common law exceptions recognized elsewhere. *See Chodzko v. Chodzko,* 66 Ill.2d at 33–34, 360 N.E.2d at 62–63. The legislature has determined what exceptions can be recognized in Iowa.

■ The grandparents in this case thus have no right to visitation unless one of the statutory exceptions is applicable. None of the exceptions applies to the two children born out of wedlock. Their parents were not divorced, a petition for dissolution of marriage is not pending, the mothers have not died, and the children are not in foster care. The trial court was therefore correct in holding that the grandparents do not have a right to petition for visitation with the two children born out of wedlock. *See*

*In re J.O.*, Ind.App., 441 N.E.2d 991, 995 (1982).

The remaining question is whether the grandparents nevertheless may petition for visitation with Carol's two children by her former marriage. Only the first statutory exception arguably might apply. *See* § 598.35(1) ("The parents of the child are divorced"). The trial court did not believe, however, that the legislature intended subsection one to apply where the grandparents seek visitation over the objection of a custodial parent who is their own child. Instead the court believed the section was intended to apply only when the parent who is not their child is the custodial parent. Their visitation rights are derivative of those of the noncustodial parent who is their child.

■ This view is consistent with subsection three which permits a visitation petition upon the death of only the parent who is the child of the grandparents. In that situation the grandparents have lost their opportunity to seek visitation through their deceased child. The trial court's view is also consistent with the fact that the grandparents have no recourse when their child with custody of the grandchildren has not been married. It would be strange if the right to seek visitation depended on whether the grandchildren were born in or out of wedlock. Finally, this view accords with the general rule of judicial abstention from visitation disputes between grandparents and their own children. In those cases the dispute remains a family problem like most differences among family members.

■ Relevant principles of interpretation are summarized in *Beier Glass Co. v. Brundige*, 329 N.W.2d 280, 283 (Iowa 1983). Included is a duty to give the statute a liberal and reasonable construction that will accomplish the legislature's purpose. The spirit of the statute must be considered, and the manifest intent of the legislature will prevail over the literal import of the words used. *Id.*

■ The common law rule against coercing grandparent visitation over parental objection demonstrates a respect for family privacy and parental autonomy. The rule recognizes that the government is ill-equipped to dictate the details of social interaction among family members. It also recognizes that the parenting right is a fundamental liberty interest that is protected against unwarranted state intrusion. *See Santosky v. Kramer*, 455 U.S. 745, 753, 102 S.Ct. 1388, 1394, 71 L.Ed.2d 599, 606 (1982).

■ Section 598.35 was enacted to ameliorate the harshness of the common law in situations where grandparents could not seek derivative visitation rights from the parent who is their child. In those situations some event has taken the grandchildren from the custody of the parent from whom the grandparents would normally receive access to their grandchildren. The statutory exceptions thus presuppose a disruption of the family unit that deprives the grandparents of that natural avenue for seeking visitation. They envision a dispute over visitation between the grandparents and a custodian of the children who is not the child of the grandparents. The statute does not provide a means for court intervention, however, when the dispute is between the grandparents and a custodial parent who is their child.

■ Therefore we hold that section 598.35(1) applies only when the custodial parent is not the child of the grandparents. Because plaintiffs' daughter Carol has custody of the children of her former marriage, the statute does not apply here.

The trial court rulings in this case were correct.

AFFIRMED.