In re the MARRIAGE OF Ruth M. BOLSON and Kenneth Bolson, Jr.

Upon the Petition of Ruth M. Bolson, Appellee,

And Concerning Kenneth Bolson, Jr., Respondent,

Kenneth Bolson, Sr. and Grace Bolson, Paternal Grandparents, Appellants.

No. 85–1774.

Supreme Court of Iowa.

Oct. 15, 1986.

Andrew P. Nelson of Meyer, Lorentzen & Nelson, Decorah, for appellants.

Marion L. Beatty of Miller, Pearson, Gloe, Burns, Beatty & Cowie, P.C., Decorah, for appellee.

Considered by REYNOLDSON, C.J., and LARSON, SCHULTZ, WOLLE, and NEUMAN, JJ.

NEUMAN, Justice.

In this case we address the issue of access to the district court by grandparents seeking a post-divorce adjudication of their grandparental visitation rights under Iowa Code section 598.35 (1985). We find that the trial court erred in sustaining a special appearance filed by the mother, thereby precluding the grandparents' action under Chapter 598, but we remand with directions that these proceedings be stayed pending resolution in the juvenile court of the father's petition to terminate his parental rights.

On April 2, 1985 a decree was entered dissolving the marriage between Ruth M. Bolson and Kenneth Bolson, Jr. A subse-

quent order dated April 23, 1985 awarded sole custody of the parties' two minor children to Ruth and denied visitation rights to Kenneth. This latter order was based upon a stipulated agreement between the parties that Kenneth had consented in writing to the termination of his parental rights and that in exchange for his consent, Ruth waived all right to past and future child support. The following day, April 24, 1985, Ruth and the children moved to California.

Termination proceedings were commenced in juvenile court. Those proceedings are still pending because of Kenneth's attempt to revoke his prior consent based on Ruth's alleged failure to grant him one last promised visitation with the children.

Meanwhile, on May 24, 1985 the paternal grandparents Kenneth Bolson, Sr., and Grace A. Bolson, who are the appellants in this action, filed a Grandparents Petition for Modification and Visitation. In the petition they requested reasonable visitation rights, claiming that they were neither parties nor privy to the stipulated agreement between Ruth and Kenneth, Jr., to terminate Kenneth's parental rights. Ruth was served by publication of the original notice in accordance with the non-resident provisions of rule 60, Iowa Rule of Civil Procedure, pertaining to modification of decrees and dissolution of marriage. She responded by filing a special appearance challenging subject matter jurisdiction, primarily assailing the Bolsons' attempt to reopen the dissolution action for purpose of litigating their grandparental visitation rights.

The trial court sustained the special appearance on the following grounds:

The grandparents were not parties in the original action and no provision for their visitation was made in the dissolution decree. They cannot "piggyback" themselves into this case by modifying the decree as they have their own cause of action.

In a final comment unrelated to the premise upon which the case was decided, the trial court observed that if Kenneth's parental rights were terminated, the grandparents' rights would also be terminated in accordance with the holding of *Matter of Gardiner,* 287 N.W.2d 555 (Iowa 1980). Our review of the case leads us to conclude that the trial court erred in its ruling sustaining the special appearance, but was on the right track with regard to its concern for the outcome of the termination proceedings.

### I. *Scope of Review.*

■ Normally, review on appeal from a special appearance is at law, the trial court's finding of fact having the force and effect of a jury verdict. *Larsen v. Scholl,* 296 N.W.2d 785, 787 (Iowa 1980). However, cases brought under the Uniform Child Custody Jurisdiction Act[1] present an exception to that rule and we review de novo. This exception is based on the equitable nature of the underlying action and the principle that subject matter jurisdiction can be raised at any point in the proceeding. *St. Clair v. Faulkner,* 305 N.W.2d 441, 445 (Iowa 1981); *accord, O'Neal v. O'Neal,* 329 N.W.2d 666, 667 (Iowa 1983).

### II. *Jurisdiction of the District Court.*

■ Subject matter jurisdiction generally means the jurisdiction over the general class of cases to which the proceedings belong. *Wederath v. Brant,* 287 N.W.2d 591, 594 (Iowa 1980). There is no question that it is within the jurisdiction of a district court to award grandparent visitation rights in connection with a dissolution of marriage action. *See* Iowa Code §§ 598.2, 598.35 (1985); *In re Marriage of Reschly,* 334 N.W.2d 720, 723 (Iowa 1983). Furthermore, section 598.35 does not limit the trial court's adjudication of grandparent visitation rights to pre-decree proceedings. By its very language, section 598.35(1) contemplates a post-divorce adjudication of such visitation rights: "The grandparents of a child may petition the district court for grandchild visitation rights when . . . [t]he parents of the child are divorced. . . ."

---

1. Chapter 598A, Code of Iowa (1985); hereinafter referred to as UCCJA.

This statutory scheme is in accordance with the general principle that the district court in which a dissolution decree is entered has continuing jurisdiction to consider matters pertaining to the custody and welfare of minor children affected by the dissolution decree. Iowa Code § 598.-21(8) (1985); *In re Adoption of Ellis*, 260 Iowa 508, 513, 149 N.W.2d 804, 808 (1967); *Marriage of Schlenker*, 300 N.W.2d 164, 166 (Iowa 1981). Thus we conclude that the appellants are not precluded on jurisdictional grounds from commencing their petition for grandparent visitation as a modification in the dissolution of marriage action.

But our analysis does not end there. Section 598A.21(8) requires that modification orders be entered pursuant to Chapter 598A, Iowa's Uniform Child Custody Jurisdiction Act. Section 598A.3 provides in part as follows:

1. A court of this State which is competent to decide child custody matters has jurisdiction to make a custody determination[2] by initial or modification decree if:

a. This state is a home state[3] of the child at the time of commencement of the proceeding, or had been the child's home state within six months before commencement of the proceeding and the child is absent from this state because of removal or retention by a person claiming custody or for other reasons, and a parent or person acting as parent continues to live in this state; or

b. It is the best interest of the child that a court of this state assume jurisdiction because the child and the child's parents, or the child and at least one contestant,[4] have a significant connection with this state, and there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships....

We first address Ruth's challenge that the Bolsons failed to comply with section 598A.9. This statutory provision requires that the petitioner plead in the initial pleading or an accompanying affidavit specific factual information pertinent to the court's jurisdiction or disposition of the case. A party's failure to do so was considered by the court of appeals in *In re Marriage of Olive*, 340 N.W.2d 792 (Iowa Ct.App.1983) which held that such an error could be cured in a resistance to a special appearance. *Id.* at 794. The court of appeals reasoned that remand on such a technical violation would serve no useful purpose because the information necessary to determine subject matter jurisdiction had been provided. We concur in that reasoning and apply it in this case.

The facts before the trial court reveal that at the time the Bolsons filed their petition, Ruth and the children had resided in California for only one month. For the five years prior (in fact, at all times since their birth) the children had resided in Iowa with their parents. Iowa continues to be the state of residence for the children's father and the appellants. The children were removed from the state by their mother who, admittedly, was entitled to their custody. However, the children continue to have significant contacts with the state by virtue of their relationship to their father and grandparents.

We are satisfied that the foregoing facts furnished an ample basis for the trial court to assume jurisdiction under the

2. *"Custody determination"* means a court decision and court orders and instructions providing for the custody of a child, *including visitation rights....*
Iowa Code § 598A.2(2) (emphasis added).

3. *"Home state"* means the state in which the child, immediately preceding the time involved, lived with the child's parents, a parent, or a person acting as parent, for at least six consecutive months, and in the case of a child less than six months old, the state in which the child lived from birth with any of the other persons mentioned. Periods of temporary absence of any of the named persons are counted as part of a six month or other period.
Iowa Code § 598A.2(5) (emphasis in original).

4. *"Contestant"* means a person, including a parent, who claims a right to custody or *visitation rights* with respect to a child.
Iowa Code § 598A.2(1) (emphasis added).

"home state" or "best interest of the child" provisions of section 598A.3(1)(a) or (b). We therefore hold that the trial court erred in sustaining Ruth's special appearance and must be reversed.

III. *Jurisdiction of the Juvenile Court.*

Finally, we address the question alluded to by the trial court but not squarely resolved, that is, the effect of the parental termination proceedings in the juvenile court on the jurisdiction of the district court. The answer is to be found in Iowa Code section 232.3(1) which pertains to just such situations as were confronted by the court and the litigants in this case:

> During the pendency of an action under this chapter, a party to the action is estopped from litigating concurrently the custody, guardianship, or placement of a child who is the subject of the action, in a court other than the juvenile court. A district judge, associate judge, magistrate, or judicial hospitalization referee, upon notice of the pendency of an action under this chapter, shall not issue an order, finding or decision relating to the custody, guardianship, or placement of the child who is the subject of the action, under any law, including but not limited to chapters 598, 598A, or 633.

As we have previously noted, a "decision relating to custody" includes determination of visitation rights. Iowa Code § 598A.2(2) (1985); *Patterson v. Keleher*, 365 N.W.2d 22, 26 (Iowa 1985).

Upon noting the pendency of the juvenile court proceedings, it was incumbent upon the trial court to defer to the juvenile court for authorization to proceed concurrently on the Bolson matter or await the juvenile court's decision regarding termination. Iowa Code § 232.3(2) (1985).

The logic of this statutory scheme is readily apparent in the context of the case before us. We have previously held in *Matter of Adoption of Gardiner*, 287 N.W.2d 555 (Iowa 1980) that a grandparent's right of visitation under section 598.-35 arises by virtue of the child's relationship to the natural parents, hence section 598.35 does not authorize grandparental privileges when a child is adopted. *Gardiner* at 558–59. Similarly, in *Olds v. Olds*, 356 N.W.2d 571 (Iowa 1984) we reasoned that section 598.35 envisions a dispute over visitation between grandparents and the custodian of the children who is not the child of the grandparents. We found that the statute does not provide a means for court intervention, however, when the dispute is between the grandparents and a custodial parent who is their child. In *Olds* we held that section 598.35(1) applies only when the custodial parent is not the child of the grandparents. *Id.* at 574.

Thus the juvenile court's decision with regard to termination of Kenneth Jr.'s parental rights may have a significant impact on the appellants' entitlement to grandparent's visitation. For that reason, proceedings in the district court must be stayed pending resolution of the termination issue in juvenile court.

REVERSED AND REMANDED.