In re the MARRIAGE OF Kelli Yvette MITCHELL and Lyle Lloyd Mitchell.

Upon the Petition of Kelli Yvette Mitchell, Appellee,

and

concerning Lyle Lloyd Mitchell, Respondent,

Lloyd Allen Mitchell and Karen A. Mitchell, Intervenors–Appellants.

No. 94–1542.

Supreme Court of Iowa.

April 26, 1995.

Roger J. Kuhle of Law Office of Roger J. Kuhle, P.C., West Des Moines, for appellants.

Stuart D. Nielsen of Nielsen & Nielsen, P.C., Corning, for appellee.

Considered by MCGIVERIN, C.J., and HARRIS, LARSON, SNELL, and TERNUS, JJ.

PER CURIAM.

Intervenors Lloyd and Karen Mitchell appeal from the dismissal of their petition to modify their son's dissolution decree. The question presented is whether grandparents have standing to initiate a modification of dissolution decree proceeding. The district court concluded they do not. We affirm.

Kelli and Lyle Mitchell's marriage was dissolved on July 27, 1992. Kelli was awarded primary physical care of their two daughters.

On August 14, 1994, Lloyd and Karen Mitchell, Lyle's parents, filed an application to intervene and a petition for modification of the dissolution decree. They requested custody of their son's two minor children or, in the alternative, grandparent visitation. Kelli resisted the custody claim, contending there was no statutory basis for the intervention and that the grandparents had no standing to intervene outside the scope of Iowa Code section 598.35 (1993) (grandparent visitation). The district court dismissed the application to intervene, concluding "[p]etitioners lack standing to intervene where a legal controversy does not exist and lack standing to petition for modification of dissolution." The request for visitation was allowed to proceed.

Lloyd and Karen Mitchell appeal.

■ This court has held that district courts have the authority to award custody of a minor child to a stranger to a dissolution action when both parents are found to be unfit. *In re Marriage of Smith,* 269 N.W.2d 406, 408 (Iowa 1978) (citation omitted). Thus, strangers to the marriage have been allowed to intervene in the original dissolution proceeding. *See, e.g., In re Marriage of Wolf,* 509 N.W.2d 736, 737 (Iowa 1993) (half-sister); *In re Marriage of Reschly,* 334 N.W.2d 720, 720–21 (Iowa 1983) (maternal grandparents); *In re Marriage of Corbin,* 320 N.W.2d 539, 542–43 (Iowa 1982) (foster parents). Strangers to the marriage have also been allowed to intervene where a former spouse has petitioned for modification. *See In re Marriage of Hunnell,* 398 N.W.2d

877, 879 (Iowa 1987) (paternal aunt and uncle). There is no real disagreement that grandparents are permitted to intervene in an ongoing dissolution proceeding on the issue of child custody.

■ Lloyd and Karen contend the district court erred in its ruling that there was no legal controversy in which to intervene because the court has continuing jurisdiction pertaining to matters of custody and welfare of minor children affected by the dissolution decree. In support of their contention they cite *In re Marriage of Bolson,* 394 N.W.2d 361, 364 (Iowa 1986), and *In re Adoption of Ellis,* 260 Iowa 508, 513, 149 N.W.2d 804, 808 (1967). However, provisions of a dissolution decree are final as to circumstances then existing and matters will not be relitigated in the absence of a showing of a change of circumstances. *In re Marriage of Schlenker,* 300 N.W.2d 164, 165–66 (Iowa 1981); *Betzel v. Betzel,* 163 N.W.2d 551, 554 (Iowa 1968). *Bolson,* which held that by virtue of section 598.35 grandparents may petition the district court for their statutory visitation rights, is inapposite. And *Ellis* does not support appellants' contention that they may intervene at any time: "As applied to subsequent proceedings *between divorced parents seeking to modify the decree,* we agree with [the rule that the district court has continuing and exclusive jurisdiction of custody matters]." *Ellis,* 260 Iowa at 513, 149 N.W.2d at 808 (emphasis added). We conclude the custody aspects of the Mitchell dissolution decree were finally litigated and do not now present a legal controversy subject to intervention. *See* Iowa R.Civ.P. 75 ("[a]ny person interested in the subject matter of the litigation ... may intervene *at any time before trial begins* ") (emphasis added).

■ Do grandparents have standing to initiate a modification proceeding? We think not. To have standing, a complaining party must have a specific, personal, and legal interest in the litigation, and be injuriously affected. *Hawkeye Bancorporation v. Iowa College Aid,* 360 N.W.2d 798, 801 (Iowa 1985). "[T]he right of grandparents to custody of a child under a divorce decree is no different from that of any third person or stranger to the marriage." *Smith,* 269

N.W.2d at 408; *see also Olds v. Olds,* 356 N.W.2d 571, 572 (Iowa 1984) (at common law "grandparents had neither a right to custody nor visitation as against a parent"). *Cf. In re J.R.,* 315 N.W.2d 750, 752 (Iowa 1982) (paternal grandparents have right to intervene in termination proceeding because statute allows court to transfer custody of child to "relative or other suitable person"); *In re C.L.C.,* 479 N.W.2d 340, 343 (Iowa App.1991) (nonrelatives allowed to intervene in termination proceeding because of same statute). Grandparents do not have a "specific, personal, and legal interest" *in the dissolution proceeding* that would grant them standing to petition for modification of the decree.

■ Finally, Lloyd and Karen argue that disallowing them to commence a modification action is "to ignore the purpose of the law which is to protect children." However, there are other forums in which they may pursue the children's protection. They might petition to become guardians of their grandchildren. *See* Iowa Code §§ 633.552–.562. They might also file a petition to find their grandchildren in need of assistance. *See* Iowa Code § 232.81. Children affected by a dissolution decree are not unprotected merely because strangers to the dissolution may not initiate modification proceedings.

We affirm the district court's dismissal of Lloyd and Karen's motion to intervene and to modify the dissolution action.

Kelli's request for appellate attorney fees is denied.

**AFFIRMED.**