LARRY R. W., Petitioner-Respondent,

v.

ALAN F. S., Respondent-Appellant. [No. 94–1314]

IN RE the CUSTODY OF KIT S., Seth S., and Aja S.,
Minors:

ALAN F. S., Appellant,

v.

LARRY R. W., Respondent. [No. 94–1315]

IN RE the MATTER OF the GUARDIANSHIP OF KIT S., Seth
S., and Aja S.:

LARRY R. W., Petitioner-Respondent,

v.

ALAN F. S., Respondent-Appellant. [No. 94–1316]

Court of Appeals

*Nos. 94–1314, 94–1315, 94–1316. Oral argument April 20,
1995.—Decided July 6, 1995.*

(Also reported in 537 N.W.2d 30.)

For the respondent-appellant the cause was submitted on the briefs of *Patricia M. Heim* and *John H. Schroth* of *Parke O'Flaherty, Ltd.* of La Crosse.

For the petitioner-respondent the cause was submitted on the brief of *James P. Czajkowski* of *Czajkowski & Rider, S.C.* of Prairie du Chien.

Before Gartzke, P.J., Dykman and Sundby, JJ.

SUNDBY, J. In this child custody dispute, Alan F.S., who resides in Iowa, seeks to enforce in Wisconsin an order of the First Judicial District Court of Allamakee County, Iowa, entered August 24, 1993, awarding him custody[1] of his three minor children who presently reside in Wisconsin. The Crawford County, Wisconsin, Circuit Court denied his motion, and upon the guardian ad litem's petition, entered judgment March 30, 1994, awarding custody of Alan's three minor children to their stepfather, Larry R.W. The court concluded that there were compelling reasons for awarding custody to Larry R.W. and not awarding custody to Alan F.S.

We conclude that the August 24, 1993 order of the Iowa court was not enforceable in Wisconsin because it was not consistent with the notice requirements of 28 U.S.C. § 1738A, the Parental Kidnapping Prevention Act (PKPA). We also conclude, however, that the Iowa court exercised its jurisdiction consistently with the PKPA when it entered its initial decree January 6, 1988, divorcing Alan F.S. and Esther S.W. and awarding custody of the children to Esther. Wisconsin courts

---

[1] In this opinion, "custody" includes physical placement.

must accord full faith and credit to that decree. *Thompson v. Thompson*, 484 U.S. 174, 177 (1988). Therefore, the Crawford County Circuit Court lacked jurisdiction or competence to enter a judgment modifying the initial custody decree entered by the Iowa court. We therefore vacate the judgment from which Alan appeals.

In the summer of 1987, Esther and Alan separated. That same summer, Esther and the children moved from Iowa to Prairie du Chien, Wisconsin. On January 15, 1988, Esther married Larry, the respondent herein. The children continued to live in Wisconsin in the home of their mother and Larry.

Esther died August 18, 1993. On the same day, Larry petitioned the Crawford County Circuit Court to award him custody of the children. On August 24, 1993, Alan obtained an order from the Iowa district court ordering that the children be returned to him immediately. Neither Alan nor the court gave Larry notice of Alan's petition. On August 26, 1993, Alan sought to enforce the order of the Iowa court in Wisconsin, but the Wisconsin trial court stayed enforcement pending a hearing September 1, 1993, on the guardian ad litem's petition to award custody and physical placement of the children to Larry. The Wisconsin court concluded that it had jurisdiction to act on the guardian ad litem's petition. On December 8, 1993, it entered the judgment from which Alan appeals.

Alan presents two issues: First, was the Wisconsin trial court required by the Full Faith and Credit Clause[2] to enforce the August 24, 1993 Iowa court order awarding custody of the children to Alan? Sec-

---

[2] Article IV, § 1 of the United States Constitution provides in part: "Full faith and credit shall be given in each state to the ... judicial proceedings of every other state."

ond, did the Wisconsin trial court have jurisdiction on the guardian ad litem's petition to modify the custody determination made by the Iowa court in the divorce decree it entered January 6, 1988? We conclude that these issues are controlled by the Parental Kidnapping Prevention Act.[3]

## I.

### THE WISCONSIN TRIAL COURT WAS NOT REQUIRED TO GIVE FULL FAITH AND CREDIT TO THE IOWA COURT'S ORDER BECAUSE THE ORDER WAS NOT CONSISTENT WITH THE PKPA.

The Iowa court entered its August 24, 1993 order pursuant to § 598.41(6) of the Iowa Code, which provides:

> When the parent awarded custody or physical care of the child cannot act as custodian or caretaker because the parent has died . . ., the court shall award custody including physical care of the child to the surviving parent unless the court finds that such an award is not in the child's best interest.

Because Larry was not notified of the pendency of Alan's motion under this statute, the August 24, 1993 order was not entered consistently with the PKPA.

The PKPA provides that "authorities of every State shall enforce according to its terms . . . any child custody determination made consistently with the provisions of this section by a court of another State." 28 U.S.C. § 1738A(a). The August 24, 1993 order granting Alan custody of the children had the effect of modifying

---

[3] *See* Lucy Cooper, *The Parental Kidnapping Prevention Act (PKPA) of 1980 — The Most Often Ignored Law in Family Court*, WIS. J. FAMILY L., Jan. 1991, at 10-13.

the original divorce decree. Therefore, it satisfies PKPA's definition of "custody determination." *See* § 1738A(b)(3).[4]

Title 28 U.S.C. § 1738A(c) provides that a child custody determination made by a court of a state is consistent with the provisions of PKPA only if "(1) such court has jurisdiction under the law of such State; and (2) one of the following conditions is met: . . . (E) the court has continuing jurisdiction pursuant to subsection (d) of this section." Subsection (d) of 1738A provides:

> The jurisdiction of a court of a State which has made a child custody determination consistently with the provisions of this section continues as long as the requirement of subsection (c)(1) of this section continues to be met and such State remains the residence of the child or of any contestant.

It is undisputed that the original divorce decree was consistent with 28 U.S.C. § 1738A. Therefore, the jurisdiction of the Iowa court continues as long as it has jurisdiction under Iowa law and Iowa remains the residence of the children or of any contestant, or the court declines to exercise its discretion. *See Bolson v. Bolson,* 394 N.W.2d 361, 364 (Iowa 1986). Alan is a parent who resides in Iowa; he is therefore a "contestant." *See* § 1738A(b)(2). Because the Iowa court has continuing jurisdiction under subsection (d), the August 24, 1993 order complied with subsection (c).

---

[4] Title 28 U.S.C. 1738A(b)(3) provides:

(3) "custody determination" means a judgment, decree, or other order of a court providing for the custody or visitation of a child, and includes permanent and temporary orders, and initial orders and modifications . . . .

■

However, to be consistent with 28 U.S.C. § 1738A, an order modifying custody and physical placement must comply with subsection (e) of § 1738A. Subsection (e) requires that "[b]efore a child custody determination is made, reasonable notice and opportunity to be heard shall be given to . . . any person who has physical custody of a child." At the time of the Iowa order, Larry had "actual possession and control" of the children. *See* § 1738A(b)(7).[5] Larry was therefore entitled to notice and an opportunity to be heard before the Iowa court awarded custody to Alan. "A central component of these acts [the UCCJA[6] and the PKPA] is proper notice to the parties." *State v. Carver*, 781 P.2d 1308, 1317 (Wash. 1989). The Crawford County Circuit Court was not required to enforce the Iowa order because it did not comply with the notice requirement of subsection (e) of the PKPA.

---

[5] Title 28 U.S.C. § 1738A(b)(7) provides: " 'Physical custody' means actual possession and control of a child."

[6] UNIFORM CHILD CUSTODY JURISDICTION ACT, 9 U.L.A. 115 (1988); ch. 822, STATS. In *Michalik v. Michalik*, 172 Wis. 2d 640, 649, 494 N.W.2d 391, 394 (1993), the court stated: "To the extent that the PKPA and the UCCJA conflict, the Supremacy Clause of the United States Constitution mandates that the PKPA preempts the UCCJA."

The Washington Supreme Court made the following observation regarding the PKPA and the UCCJA:

> Much of the confusion generated by the language of the two laws can be eliminated if a trial court which is asked to determine custody clearly distinguishes between jurisdiction to determine the initial custody of a child and jurisdiction to modify a prior custody order.

*Greenlaw v. Smith*, 869 P.2d 1024, 1031 (Wash.), *cert. denied*, 115 S. Ct. 333 (1994).

## II.

## WISCONSIN CIRCUIT COURT LACKED COMPETENCE TO MODIFY THE ORIGINAL IOWA DIVORCE DECREE.

Section 1738A(f) of the PKPA prescribes when the court of a state has jurisdiction to modify a custody determination made by a court of another state:

> A court of a State may modify a determination of the custody of the same child made by a court of another State, if—
> (1) it has jurisdiction to make such a child custody determination; and
> (2) the court of the other State no longer has jurisdiction, or it has declined to exercise such jurisdiction to modify such determination.

Wisconsin would have jurisdiction to make a determination as to the custody of the children if Iowa no longer had jurisdiction or declined to exercise its jurisdiction. Wisconsin has become the children's "home state." *See* § 1738A(c)(2)A; § 822.03(1)(a), STATS. However, Iowa has not "declined to exercise . . . jurisdiction to modify such determination"; in fact, its August 24, 1993 order would have been effective except for failure to give Larry notice and an opportunity to be heard. The Iowa court continues to have jurisdiction to modify its original custody determination. *See* § 1738A(f).

This case is similar to *Michalik v. Michalik*, 172 Wis. 2d 640, 494 N.W.2d 391 (1993). Rita Michalik and Kenneth Michalik were divorced in Indiana March 3, 1987. Rita was awarded custody of their three minor children. On May 1, 1989, Rita and the children moved to Wisconsin. Thereafter, she sought to modify Kenneth's visitation rights. The court held that even

748

though Wisconsin had become the children's "home state," Indiana still had jurisdiction to modify custody determinations. *Id.* at 658, 494 N.W.2d at 398. The court noted the preference in the PKPA for the state which made the original decree. *Id.*

The fact that the Iowa court's attempt to modify its original decree failed does not affect the validity of the original decree. The Iowa court's jurisdiction to amend that decree remains unaffected unless it declines to exercise its jurisdiction.

We therefore vacate the judgment which is the subject of this appeal.

*By the Court.*—Judgment vacated.