Upon the Petition of

**Gerald William HOUGH and Julie Ann Hough, Appellees.**

And Concerning

**Angela Sue Cooper, Appellant.**

No. 98–0465.

Court of Appeals of Iowa.

Jan. 27, 1999.

Richard J. Gaumer of Webber, Gaumer, Emanuel & Daily, P.C., Ottumwa, for appellant.

J. Terrence Denefe of Kiple, Kiple, Denefe, Beaver & Gardner, L.L.P., Ottumwa, for appellee.

Heard by SACKETT, C.J., and STREIT and VOGEL, JJ.

STREIT, J.

Angela Cooper, mother of Spencer Cooper, appeals the trial court's award of extensive visitation to Spencer's paternal grandparents, Julie and Gerald Hough. We hold a court will not find failure to establish a substantial relationship with the grandchild a precluding factor to granting visitation when the parent has unreasonably and continually denied the grandparents visitation with the child. We affirm as modified the trial court's visitation order.

### I. Procedural Background & Facts.

Angela became pregnant when she was sixteen. Jeremy Hough was the father. The couple never married. The relationship ended during the pregnancy. Spencer Cooper was born on March 25, 1996. Shortly after Spencer's birth, Angela and Spencer lived with Jeremy's mother and father, Gerald and Julie Hough, for approximately three weeks. Apparently due to Angela and Jeremy's deteriorated relationship, Angela and Spencer left the Houghs' home and lived with Angela's parents. Thereafter, Angela rebuffed the Houghs' attempts to visit Spencer. Allegedly, the Houghs honored Angela's requests that they leave Spencer alone, hoping Angela would change her mind.

On November 12, 1997, the Houghs filed a petition for visitation.[1] At the February 1998 hearing, the Houghs testified about their love for Spencer and explained their failure to take any action to visit Spencer was out of hope that Angela would change her mind. Angela and her family testified about their contempt for Jeremy and the Houghs. Angela stated she wanted a new life without the involvement of Jeremy or his parents. Houghs are appropriate candidates to care for Spencer. The court granted the Houghs' petition finding the Houghs had been unreasonably denied visitation. The court granted Houghs' visitation for two weekends per month and various holidays. It ordered the parties to mediate any further disputes prior

---

1. Jeremy Hough is incarcerated. He has not sought visitation.

to resorting to modification or contempt litigation. Angela appeals.

## II. Grandparents Petition to Establish Visitation Rights.

■■ We review de novo. Iowa R.App. 4. The grandparents of a child do not have common law rights of visitation; only statutory rights. *McMain v. Iowa Dist. Court,* 559 N.W.2d 12, 14 (Iowa 1997). To seek visitation, the grandparents must meet one of the statutory established criteria set out under Iowa Code section 598.35.[2] One criteria which establishes a grandparent's right to seek visitation is where "A parent of the child unreasonably refuses to allow visitation by the grandparent or unreasonably restrict visitation." Iowa Code § 598.35(7) (1997).[3] In addition, for the visitation petition to be granted there must be "a finding that the visitation is in the best interests of the child and that the grandparent had *established a substantial relationship* with the child prior to the filing of the petition." See Iowa Code § 598.35 (emphasis added).

■■■ Iowa Code section 598.41(7) is applicable here. There is no dispute the Houghs desired to have visitation with Spencer from the time of his birth, but Angela denied the Houghs any contact with Spencer without good reason. After the three weeks the Houghs spent with Spencer immediately after his birth the Houghs did not see Spencer until accidentally running into Angela and Spencer at Wal–Mart. When considering whether a parent's denial of grandparent visitation has been unreasonable under section 598.5(7), the child's best interest factors into the analysis. *McMain v. Iowa Dist. Court for Polk County,* 559 N.W.2d 12, 19 (Iowa 1997)(Dissent by Snell, J.). There is nothing in the record to indicate Spencer would be harmed in any way from contact with the Houghs. Under these circumstances, it was unreasonable for Angela to deny visitation; and, if it were not for Angela's unreasonable denial of visitation, the Houghs would undisputedly have a substantial relationship with Spencer.

Under this record the disputed fact is whether the Houghs have established the substantial relationship with Spencer required under section 598.35. To the extent persons can develop a substantial relationship with a three-week-old infant, the Houghs did. There was no showing the substantial relationship established in Spencer's

---

**2.** Those factors, as set out in the statute are:

1. The parents of the child are divorced.
2. A petition for dissolution of marriage has been filed by one of the parents of the child.
3. The parent of the child, who is the child of the grandparent, or who is the grandchild of the great-grandparent, has died.
4. The child has been placed in a foster home.
5. The parents of the child are divorced, and the parent who is not the child of the grandparent or who is not the grandchild of the great-grandparent has legal custody of the child, and the spouse of the child's custodial parent has been issued a final adoption decree pursuant to section 600.13.
6. The paternity of a child born out of wedlock is judicially established and the grandparent of the child is the parent of the father of the child or the great-grandparent of the child is the grandparent of the father of the child and the mother of the child has custody of the child, or the grandparent of the child born out of wedlock is the parent of the mother of the child or the great-grandparent of the child is the grandparent of the mother of the child and custody has been awarded to the father of the child.
7. A parent of the child unreasonably refuses to allow visitation by the grandparent or great-

parent or unreasonably restricts visitation. This subjection applies to but is not limited in application to a situation in which the parents of the child are divorced and the parent who is the child of the grandparent or who is the grandchild of the great-grandparent has legal custody of the child. Iowa Code § 598.35 (1997).

**3.** In regard to subsection 7, added to the statute in 1996, our supreme court stated:

By this statute, the legislature has again signaled its approval of expanded visitation of a child with his or her grandparents. Subsection 7 of the statute is not limited to a situation where the parents are divorced as is subsection 1. Nor does it contain language eliminating its applicability to grandparents of a child who are the parents of the child's custodial parent, as we limited subsection 1 in *Olds [v. Olds,* 356 N.W.2d 571 (Iowa 1984)]. Subsection 7 is not based on a death or divorce of the child's parents and does not therefore concern an issue of grandparent's rights being only derivative from either a custodial or noncustodial parent of the child. *McMain v. Iowa District Court,* 559 N.W.2d 12, 18 (Iowa 1997)(Dissent by Snell, J.).

first three weeks of life was destroyed by the passage of time. Although the three-week period after Spencer's birth may be interpreted as a substantial relationship under these circumstances, our holding is broader than that.

■ We hold where the grandparents of a child seek visitation with their grandchild and the parent continually and unreasonably denies visitation as set out in 598.35(7), a grandparent cannot be denied visitation for failure to have established a substantial relationship pursuant to 598.35. Under such circumstances, a parent preventing grandparents from having meaningful contact with the child is estopped from claiming the grandparents do not have any rights because of no substantial relationship. It would be axiomatic to let Angela's unreasonable denial of visitation result in a denial of the Hough's petition for lack of a substantial relationship. To reward her in such a fashion would be contrary to the intention of the legislature which, in broadening grandparent visitation rights, has recognized "the legal and practical merit in allowing a child to have meaningful contact with his or her grandparents ... [I]n a society of short-term marriages and latchkey kids, a stabilizing influence is provided by grandparents, who have no legal obligation to their grandchildren, but have only their best interests at heart." *McMain*, 559 N.W.2d at 19 (Dissent by Snell, J.).

### III. Extent of Visitation.

■ We modify the order of the trial court granting extensive visitation. The Houghs have been granted rights similar to those awarded among two parents. A grandparent's right to visit a child is not as extensive as the right of a parent. In fact, such extensive visitation could have absurd results. Jeremy has not sought visitation, but his parental rights have not been terminated. If Jeremy were awarded weekend and holiday visitation, the result could give Angela minimal weekend and holiday contact with her child. This is not the result intended by the legislature in providing grandparents with the rights to visitation. We modify the trial court's visitation order to provide the Houghs visitation with Spencer one weekend per month from 5:00 p.m. Friday to 5:00 p.m. Sunday.

■ Angela also contends the trial court erred in requiring future disputes to be settled by mediation before coming to court. We appreciate the district court's concern that mediation is likely the best manner to resolve future disputes in visitation between the parties. Mediation, when successful, can provide a forum conducive to dialog and reparation, which the courts does not provide. However, section 598.7A gives a district court the authority to order mediation only after an action is filed. A prefiling condition of mediation is without statutory authority and is stricken.

**AFFIRMED AS MODIFIED.**