**IN THE COURT OF APPEALS OF IOWA**

No. 16-0872
Filed February 8, 2017


**IN RE THE MARRIAGE OF JOHN MICHAEL MCKIMMY
AND CRYSTAL LYNNE MCKIMMY**

**Upon the Petition of
JOHN MICHAEL MCKIMMY,**
        Petitioner-Appellee,

**And Concerning
CRYSTAL LYNNE MCKIMMY,**
        Respondent-Appellant.
_____


        Appeal from the Iowa District Court for Howard County, John J. Bauercamper, Judge.


        A former wife appeals the physical care and spousal support provisions of the decree that dissolved her marriage. **AFFIRMED.**


        Jill A. Dillon of Dillon Law, P.C., Sumner, for appellant.

        Mark B. Anderson, Cresco, for appellee.


        Considered by Vogel, P.J., and Tabor and Mullins, JJ.

**VOGEL, Presiding Judge.**

Crystal McKimmy appeals the physical care and spousal support provisions of the decree that dissolved her marriage to John McKimmy. She claims the court should have awarded her physical care of the children or, alternatively, placed the children with her mother, the children's maternal grandmother. She also claims an award of spousal support is warranted in light of her disability, and at the very least, a nominal amount of spousal support is in order to protect her should her government benefits be cut in the future. Finally, she seeks an award of appellate attorney fees.

**I. Physical Care.**

The children at issue in this case, ages fourteen and ten at the time of trial, had been living with Crystal's mother in New Hampton for the past ten years. The children were voluntarily placed with their maternal grandmother by the parties due to Crystal's mental health struggles. The parties separated in 2014, and John moved to Elma, some twenty miles from New Hampton. The parties stipulated to placing the children in the grandmother's care during the pendency of the dissolution proceeding, with John exercising visitation every weekend and paying the grandmother monthly child support. Thus, the children have not been in either parent's physical care for ten years.

The visitation during the dissolution proceedings was marked by difficulty. Several times the children ran away from John's home or John's father's home in the middle of the night. On each occasion, the grandmother picked up the children and refused to return them to John's care. In addition, several weekends the children refused to attend visitation with John. The children's

grandmother testified she told the children it was up to them if they wanted to attend visitation with John. Crystal testified the pastor of the church the children attend and the grandmother's friends have told the children they can choose where they go, but Crystal asserted she has told the children they need to go with their father.

The district court placed the children in John's physical care but noted the long-term reliance on the grandmother to care for the children made it difficult to award either parent physical care. The court stated placing the children with Crystal was not in the best interest of the children due to Crystal's mental and physical disabilities and placing the children in the grandmother's care was not permitted under Iowa Code chapter 598 (2014).[1] The court, while noting the grandmother was in good health, was also concerned with her advanced age and her interference with John's visitation rights.

On appeal, Crystal asserts the children should have been placed in her care, or alternatively, placed with the grandmother. While Crystal testified her mental health was improving following the parties' separation, the mental health records admitted at trial indicate she still struggles greatly with depression and anxiety and other mental health diagnoses. In addition, her housing situation was unstable. The marital home was in foreclosure, and Crystal had not yet obtained other housing, stating she planned to live with her mother until she was able to find a place to live. While the court did have the authority to award custody of the minor children to a stranger to the dissolution proceedings, such

---

[1] The grandmother did not intervene in the dissolution proceeding. *See In re Marriage of Mitchell*, 531 N.W.2d 132, 133 (Iowa 1995) ("[G]randparents are permitted to intervene in an ongoing dissolution proceeding on the issue of child custody.").

as the grandmother in this case, before doing so, the court would have had to make a finding that both parents were unfit to care for the children. *See Mitchell*, 531 N.W.2d at 133; *see also In re Marriage of Reschly*, 334 N.W.2d 720, 723 (Iowa 1983) (finding the presumption of suitability of the parents had been rebutted and affirming the district court's decision to award custody of the children to the grandparents). The court did not do so. Furthermore, the facts in this case do not support a finding that John is unfit to care for the children. While there has been conflict between the children and John during visitation leading up to the trial, particularly with the older child, that conflict appeared to have been fostered by some of the other adults in the children's lives. Upon our de novo review of the record and keeping the children's best interests as our paramount concern, we agree with the district court's physical care decision. *See McKee v. Dicus*, 785 N.W.2d 733, 736 (Iowa Ct. App. 2010) (stating the standard of review in child custody actions).

## II. Spousal Support.

Crystal also challenges the district court's refusal to award her spousal support. She notes her only income is supplemental security income in the amount of $733 per month. This income is provided because she is unable to work due to her mental health disabilities. Due to Crystal's limited earnings, the district court ordered her to pay only $20 per month in child support, and the court ordered John to provide for the children's health insurance and cover all uncovered medical expenses. John works as a truck driver and earned $41,824 in 2015, though he testified this was due to the substantial overtime he was working, as much as twenty to thirty hours of overtime each week. If he were to

receive physical care of the children, he anticipated working less overtime so that he could be home more with the children, which would substantially decrease his earnings. The parties had no assets from the marriage beyond their personal property.

Many factors are considered when determining whether an award of spousal support is warranted. *See* Iowa Code § 598.21A(1). However, each case must be decided upon its own particular circumstances and precedent is of little value. *In re Marriage of Gust*, 858 N.W.2d 402, 408 (Iowa 2015). In this case, the marriage was of moderate duration, lasting fifteen years. Crystal has earned two post-secondary degrees but is unable to work due to her disabilities. John has training as a truck driver but no other post-secondary education. The parties lived modestly during the marriage, accumulating no assets.

The district court denied Crystal's request for spousal support, noting John "has a negative net worth, modest income, and has virtually the sole obligation for the support of the children and provision of their medical care with only nominal contributions from [Crystal] and no reasonable expectation that she will ever be able to contribute." "Where a spouse does not have the ability to pay traditional spousal support, . . . none will be awarded." *Id.* at 412; *see also In re Marriage of Woodward*, 426 N.W.2d 668, 670 (Iowa Ct. App. 1988) (declining to award spousal support to the wife because the husband did "not have income to meet more than the children's minimal needs"). In light of John's limited earnings and almost sole responsibility to financially support the children, we agree with the district court's denial of Crystal's request for spousal support.

**III.  Appellate Attorney Fees.**

Finally, Crystal seeks an award of appellate attorney fees.  Such an award is within our discretion, and we consider "the needs of the party seeking the award, the ability of the other party to pay, and the relative merits of the appeal." *In re Marriage of Sulllins*, 715 N.W.2d 242, 255 (Iowa 2006) (citations omitted). Upon our consideration of these factors, we decline to award appellate attorney fees.

**AFFIRMED.**