**IN THE COURT OF APPEALS OF IOWA**

No. 23-0414
Filed January 24, 2024

**IN THE MATTER OF THE GUARDIANSHIP OF R.T.**

**D.N.,**
　　　　Appellant.
_____

　　　　Appeal from the Iowa District Court for Pottawattamie County, Scott Strait,

District Associate Judge.


　　　　A grandfather appeals a court order terminating his visitation rights as to his

granddaughter. **AFFIRMED.**


　　　　Drew H. Kouris, Council Bluffs, for appellant, D.N.

　　　　D.L.T. and R.G.T., Underwood, self-represented appellees.


　　　　Considered by Bower, C.J., and Schumacher and Langholz, JJ.

**SCHUMACHER, Judge.**

A grandfather appeals a district court order terminating his visitation with his granddaughter that was previously established as part of a guardianship. He argues that although termination of the guardianship was warranted, the court should have ordered his visitation with his granddaughter continue because such was in her best interests.

## I. Background Facts and Prior Proceedings

R.T. was born in 2014. In 2015, her grandparents, D.L.T, R.G.T., and D.N., filed a request for temporary appointment of a guardianship. All three were appointed co-guardians that year. In 2017, D.L.T. and R.G.T. filed an application to modify the guardianship and requested removal of D.N. as a co-guardian. The court granted the application and removed D.N. as a co-guardian. D.L.T. and R.G.T. later filed an application to terminate D.N.'s visitation. The court appointed a guardian ad litem for R.T.; the guardian ad litem recommended that visitation continue. The court denied the application to terminate visitation. D.N. was granted visitation with R.T. every other Friday and either the following Saturday or Sunday. D.N. was to notify R.G.T. when he would be exercising visitation.

In 2023, D.L.T and R.G.T. filed an application for termination of the guardianship, citing their adoption of the child. D.N. filed a resistance and requested modifications to the visitation schedule. Citing Iowa Code section 232D.503(1) (2023), the court terminated the guardianship due to the adoption. The court also determined it had no authority to order visitation after termination of the guardianship. D.N. appeals.

## II. Standard of Review

Actions for termination of a guardianship are equitable and reviewed de novo. *In re Guardianship of B.J.P.*, 613 N.W.2d 670, 672 (Iowa 2000).

## III. Discussion

### A. Termination of the Guardianship

D.N. does not argue against termination of the guardianship. Termination of the guardianship was warranted under Iowa Code section 232D.503(1), which states: "A guardianship shall terminate on the minor's death, adoption, emancipation, or attainment of majority." Iowa Code § 232D.503(1). D.L.T and R.G.T have adopted R.T., and consequently, the guardianship was terminated in accordance with section 232D.503(1).

### B. Visitation

When the district court terminated the guardianship, it also terminated visitation, stating, "all previous orders of this guardianship regarding visitation are null and void." D.N. argues that visitation should have continued because the visitation is in the best interests of R.T.[1]

D.N. highlights, "one undisputed principle is the best interests of the child is the supreme consideration." But, "the general rule is that grandparents cannot obtain visitation privileges over the objection of the custodial parent." *Olds v. Olds,*

---

[1] D.N. also argues fairness dictates he have visitation because he asserts D.L.T and R.G.T. performed a bait and switch by previously presenting a proposed order where D.N. would retain his visitation rights, thereby depriving him of notice. But there is no question D.N. had notice of the hearing, *see* Iowa R. Civ. P. 1.435(3). And the court stated at the hearing "[t]here was a proposed order . . . the Court had not reviewed, consented to, or authorized for its entry by the Court. The Court is not bound by any proposed order." The parties' failed attempt to reach a resolution out-of-court does not now control the outcome in court.

356 N.W.2d 571, 573 (Iowa 1984). And grandparents have no common law right of visitation. *Id.* at 572. A court may only order grandparent visitation in certain circumstances: "(1) when it is authorized by statute; (2) when it is ordered in a guardianship in the best interests of the child; and (3) when it is ordered by a juvenile court as a part of its dispositional or permanency hearing." *McMain v. Iowa Dist. Ct.*, 559 N.W.2d 12, 15 (Iowa 1997) (internal citations omitted).

D.N. relies on *In re Guardianship & Conservatorship of Ankeney*, where grandparent visitation was ordered by the court even after adoption in a guardianship. 360 N.W.2d 733, 737–38 (Iowa 1985). In *Ankeney*, the court's authority over the guardianship was crucial to the ruling: "When the guardian has sought the aid of the court to be declared the guardian and custodian of a child, the guardian's custody and control of the ward is subject to the regulation and control of the court." *Id.* at 537. The guardianship which was the basis for the court's authority in *Ankeney* was ongoing despite an intervening adoption. *Id.* This was also true in another similar case, *In re Guardianship of Nemer*. 419 N.W.2d 582, 584 (Iowa 1988).

Since these cases were decided, the law determining when a guardianship ends has changed. At the time of *Ankeney*, "the grounds for termination of a guardianship . . . include[d] the minor's attainment of majority, the minor's death and a determination by the court that the conservatorship or guardianship is no longer necessary for any other reason." 360 N.W.2d at 737 (internal citations omitted). Currently, "[a] guardianship shall terminate on the minor's death, adoption, emancipation, or attainment of majority." Iowa Code § 232D.503(1). Where previously the guardianship could continue after adoption, it now ends after

the completion of an adoption. *See Ankeney*, 360 N.W.2d at 737; Iowa Code § 232D.503(1).

The court lacks power to grant the grandfather visitation rights. Adoptive parents have the same rights as to their children as biological parents. *In re Adoption of K.T.*, 497 N.W.2d 163, 167 (Iowa Ct. App. 1992). And, "the decision by fit, married parents to oppose visitation by third parties outside their nuclear family [ ] is one that, in Iowa, has historically been protected by the highest level of scrutiny." *Santi v. Santi*, 633 N.W.2d 312, 318 (Iowa 2001). Lacking the authority conferred by the guardianship, we cannot now interfere in D.L.T. and R.G.T.'s parental rights. *See Olds*, 356 N.W.2d at 574.

> The common law rule against coercing grandparent visitation over parental objection demonstrates a respect for family privacy and parental autonomy. The rule recognizes that the government is ill-equipped to dictate the details of social interaction among family members. It also recognizes that the parenting right is a fundamental liberty interest that is protected against unwarranted state intrusion*.*

*Id.*

The court's authority to order visitation ended with the guardianship. While the record shows R.T. has a relationship with D.N., with the adoption ending the guardianship, the court's authority also ends.[2] Accordingly, we affirm.

**AFFIRMED.**

---

[2] The adoptive mother indicated a willingness to continue to foster a relationship between D.N. and the child in her best interests and when scheduling permitted but resisted a court-ordered schedule.