**In the Interest of R.G., A Child,**

**Appeal of M.H. and L.H.**

**No. 89–870.**

Supreme Court of Iowa.

Jan. 24, 1990.

Steven M. Egli of Hagemann, Goeke & Egli, Waverly, for appellant.

Thomas J. Miller, Atty. Gen., Gordon E. Allen, Deputy Atty. Gen., and Kathrine S. Miller–Todd, Asst. Atty. Gen., for appellee State of Iowa.

Considered by McGIVERIN, C.J., and CARTER, LAVORATO, NEUMAN and ANDREASEN, JJ.

ANDREASEN, Justice.

We have a unified trial court called the "Iowa District Court," and within it there is a "juvenile court." Iowa Code §§ 602.-6101, .7101 (1987). The juvenile court, through district judges, associate judges, and referees, exercises exclusive jurisdiction over proceedings commenced under chapter 232. Iowa Code §§ 602.-7101, .7103. In this consolidated appeal from rulings of the juvenile court and the district court, our focus is on the statutory provision for concurrent court proceedings. Iowa Code § 232.3. We believe the juvenile court and the district court properly interpreted and applied the provision. We affirm the rulings of both courts.

R.G. was born in 1984. In 1986, the juvenile court for Chickasaw county transferred custody of R.G. to the Iowa Department of Human Services (department) for placement in foster care. The department placed the child with M.H. and L.H. The parental rights of R.G.'s natural parents were terminated in October 1987, and the juvenile court referee appointed M.H. and L.H. guardians and custodians of the child. The guardians expressed interest in adopting R.G. at that time. R.G.'s mother—a cousin of M.H.—testified she would like

them to adopt R.G. The referee would review progress made toward adoption in December, and it appeared that in a short time R.G. would be adopted by the guardians.

At the December review hearing the referee was informed that the guardians had initiated adoption proceedings, and another review hearing was scheduled to be held in June 1988. Actually, no adoption proceedings had been initiated. In addition, a child abuse report to Floyd county authorities in December revealed that L.H. had slapped R.G. on his face and neck leaving marks. Further investigation revealed that the guardians were having serious marital problems. L.H. no longer wanted R.G. in the home. M.H., concerned about R.G.'s safety, left R.G. with his (M.H.'s) mother during the day.

In February, the guardians signed a voluntary placement agreement with the department's Floyd county office, and R.G. was placed in another foster home. They began receiving marital counseling. Chickasaw county authorities advised the guardians to reach a decision about adoption by early March, but they wanted more time. They were busy with taxes, vacation, and marital issues, and could not give the adoption issue the needed attention. When these events came to the attention of the Chickasaw county juvenile referee, the July review hearing was rescheduled for May.

Prior to the hearing, the guardians contacted the department's Floyd county office: they would relinquish guardianship and would not adopt R.G. if they were assured visitation rights. Without the assurance, they would rather adopt R.G. than never see him again. The department could not assure them of visitation rights. Soon after, the guardians revoked the voluntary placement agreement and R.G. was returned to their home.

The review hearing was held on May 31, 1988. On June 2, the juvenile court referee transferred guardianship and custody of R.G. to the department. The referee concluded that the transfer was in R.G.'s best interests. On June 6, M.H. and L.H. obtained a stay pending review of the referee's decision by a juvenile court judge. On the same day, they filed a petition to adopt in the district court for Chickasaw county. On June 9, juvenile court judge James L. Beeghly adopted the referee's findings, judgment and order, and set aside the stay. No appeal was taken, and R.G. was placed in another home.

While the adoption petition was pending, the department reviewed other families interested in adopting R.G. Eventually, another family was chosen. M.H. and L.H. exercised visitation rights during this time, and an adoptive parents home study of their family, ordered by the district court, was completed.

On April 3, 1989, the home study was filed in the district court. On the same day, M.H. and L.H. filed in the adoption action an application to compel placement of R.G. with them. The department responded with a motion to quash the application, challenging the authority of the district court to compel placement where the juvenile court had ordered the child removed. The court agreed with the department.

In its ruling, filed on May 1, the court concluded that Iowa Code section 232.3 governs concurrent court proceedings. That section provides, in part:

1. During the pendency of an action under this chapter, a party to the action is estopped from litigating concurrently the custody, guardianship, or placement of a child who is the subject of the action, in a court other than the juvenile court. A district judge, district associate judge, magistrate, or judicial hospitalization referee, upon notice of the pendency of an action under this chapter, shall not issue an order, finding, or decision relating to the custody, guardianship, or placement of the child who is the subject of the action, under any law, including but not limited to chapter 598, 598A or 633.

2. The juvenile court with jurisdiction of the pending action under this chapter, however, may, upon the request of a party to the action or its own motion, authorize the party to litigate concur-

rently in another court a specific issue relating to the custody, guardianship, or placement of the child who is the subject of the action. . . .

The court based its decision on the provisions of section 232.3(1) prohibiting it from issuing an order relating to placement of a child under the jurisdiction of the juvenile court. The court concluded that it did not have authority to compel placement of the child. M.H. and L.H. would have to request the juvenile court to allow concurrent litigation in the district court under section 232.3(2).

On May 2, M.H. and L.H. filed in the juvenile court a request to litigate concurrently the placement issue in the district court. The juvenile court referee denied the request because the placement issue had already been litigated in juvenile court with the same parties. On review, juvenile court judge C.W. Antes concluded the referee's decision was correct and in R.G.'s best interests. M.H. and L.H. appeal both the district court decision holding that it did not have authority over R.G.'s placement and the juvenile court decision denying the request to litigate concurrently the placement issue.

■ I. Our scope of review is de novo both as to adoption proceedings and juvenile proceedings. Iowa Code § 600.14 (adoption appeal is reviewed de novo); *In re Miller Children*, 228 N.W.2d 60, 61 (Iowa 1975) (proceedings under Iowa Code chapter 232 reviewed de novo). However, the issue of the authority of the district court under Iowa Code section 232.3 is a purely legal question of statutory construction.

The facts of this case bring it squarely within the provisions of section 232.3(1). An action under chapter 232 was pending both at the time the adoption petition was filed and at the time the motion to compel placement was filed. Although parental rights were terminated in 1987, an action is pending under chapter 232 until the juvenile court enters its dispositional order and releases the child upon finding that the purposes of the order have been accomplished and the child is no longer in need of

supervision, care or treatment. Iowa Code § 232.103(4). In the present case, there has been no determination that R.G. is no longer in need of "supervision, care or treatment." *See In re Guardianship of Murphy*, 397 N.W.2d 686, 689 (Iowa 1986).

In addition, the provisions of section 232.-3(1) encompass concurrent litigation of placement of a child. M.H. and L.H. sought to compel placement of R.G. with them by filing their motion in the adoption proceedings. It does not matter that they sought permanent placement rather than temporary placement. The express language of the statute prohibits the district court, upon notice of the pendency of an action under chapter 232 from issuing an order, finding, or decision relating to placement under *any law*. Iowa Code § 232.3(1). This necessarily includes the adoption law, Iowa Code chapter 600. Accordingly, the district court ruling, in which it declined to exercise authority over placement of R.G., is affirmed. It was incumbent upon the district court in the adoption action to defer to the juvenile court for authorization to proceed concurrently on the issue of R.G.'s placement. *In re Marriage of Bolson*, 394 N.W.2d 361, 365 (Iowa 1986).

■ II. The juvenile court has the legal discretion to authorize a party to litigate concurrently a specific issue relating to custody, guardianship, or placement of a child who is the subject of a pending juvenile action. Iowa Code § 232.3(2). Its discretion must be exercised in the best interests of the child. The juvenile court denied the request to litigate concurrently the placement issue in the district court upon finding that concurrent litigation was not in the best interests of R.G.

We are satisfied the record supports the decision of the juvenile court. The decision did not deny M.H. and L.H. the opportunity to litigate the placement issue. The court had before it not only the record of prior juvenile proceedings, but also the adoptive parents home study. The juvenile court reached a reasonable conclusion that fur-

ther litigation of the placement issue was not in R.G.'s best interest.

AFFIRMED.