In the Matter of the ADOPTION OF A.J.H., A Minor Child,

D.P.D. and P.L.D., Appellants.

No. 93–1762.

Supreme Court of Iowa.

July 27, 1994.

---

William D. Olson of Charnetski, Olson, Lacina & Pendleton, Grinnell, for appellants.

Mark D. Reed of Bertroche Law Offices, Des Moines, for appellee.

Brad McCall of Brierly Law Office, Newton, for guardian ad litem.

Considered by HARRIS, P.J., and LARSON, LAVORATO, SNELL, and TERNUS, JJ.

LARSON, Justice.

D.P.D. and P.L.D. are the foster parents of a child, A.J.H., who was born on August 21, 1986. The foster parents filed a petition to adopt the child who was, and still is, the subject of a child in need of assistance (CINA) proceeding under Iowa Code chapter 232 (1993). The maternal grandparents moved to dismiss the adoption petition on the ground that Iowa Code section 232.3 provides for exclusive jurisdiction in the juvenile court for determinations of custody, guardianship, or placement of a child in a CINA proceeding. The district court dismissed the action. We modify and affirm.

The foster parents have had the care of this child since she was placed with them in 1991. The sole issue is whether the foster parents must await final disposition of the CINA proceeding before they may proceed with their adoption petition. This turns on our interpretation of Iowa Code section 232.3, which provides:

> During the pendency of an action under this chapter, a party to the action is estopped from litigating concurrently the custody, guardianship, or placement of a child who is the subject of the action, in a court other than the juvenile court. A district judge, district associate judge, magistrate, or judicial hospitalization referee, upon notice of the pendency of an action upon this chapter, shall not issue an order, finding, or decision relating to the custody, guardianship, or placement of the child who is the subject of the action, under any law, including but not limited to chapter 598, 598A, or 633.

The foster parents (adoption petitioners) contend they are not precluded from obtaining an adoption decree because: (1) they are not "parties" to the CINA proceeding and thus not "estopped" by section 232.3 from conducting concurrent litigation; and (2) their petition does not seek an order regarding "custody, guardianship, or placement" of the child.

We recently considered the meaning of section 232.3 in *In re R.G.*, 450 N.W.2d 823 (Iowa 1990). These petitioners contend that *R.G.* is distinguishable because, unlike the present case, the petitioner in *R.G.* was a "party." Nevertheless, the holding of *R.G.* is pertinent here because it recognizes that the statutory prohibition against concurrent litigation applies both to parties and to courts. Iowa Code § 232.3(1) ("A district judge ... shall not issue an order, finding, or decision relating to ... custody ... or placement.").

> The express language of the statute prohibits the district court, upon notice of the pendency of an action under chapter 232 from issuing an order, finding, or decision relating to placement under *any law.* *This necessarily includes the adoption law,* Iowa Code chapter 600.... It was incumbent upon the district court in the adoption action to defer to the juvenile court for authorization to proceed concurrently on the issue of R.G.'s placement.

*R.G.*, 450 N.W.2d at 825 (citations omitted) (emphasis added).

The petitioners argue that an adoption decree need not conflict with section 232.3 because the decree could be crafted to avoid any provisions regarding guardianship, custody, or placement. We do not agree; both custody and placement are necessarily a part of any adoption. Clearly, an adoption decree will result in a "placement," which is defined as

> the arrangement for the care of a child in a family free or boarding home or in a child-caring agency or institution, but not in an institution caring for the mentally ill, mentally defective, or epileptic, in an institu-

tion primarily educational in character, or in a hospital or other medical facility. Iowa Code § 232.158(II)(d).

Also, custody is necessarily a part of any adoption.

[U]pon entry of an adoption decree, the parent-child relationship exists between the adopted child and the adopted parents as if the adopted child were born to them. The effect of the adoption decree is to transfer to the adoptive parent the right to the exclusive custody of the child. The adoptive parents are as much entitled to the custody of their adopted child as natural parents are to their natural children.

2 Am.Jur.2d *Adoption* § 178, at 1099 (1994); *accord* 2 C.J.S. *Adoption of Person* § 135, at 567 (1972).

 While section 232.3 prohibits the entry of a decree or order in a parallel court proceeding, it does not prohibit the filing of an adoption petition. In this case, because of the extended time already consumed by the CINA proceeding, caused in part by an appeal recently resolved by the court of appeals, the adoption proceedings should be completed as soon as reasonably possible. Therefore, the adoption petition should not be dismissed, but merely stayed pending final disposition of the CINA proceeding. We modify the order of the district court accordingly.

**AFFIRMED AS MODIFIED.**