569 N.W.2d 103 (1997)
In the Interest of A.B. and N.B., Minor Children,
v.
M.B., Mother, Appellant.
No. 96-2106.
Supreme Court of Iowa.
September 17, 1997.
Thomas J. Straka of Law Office of Robert L. Day, Jr., Dubuque, for appellant.
G.T. Reilly of Kintzinger Law Office, P.L.C., Dubuque, for appellee father.
Considered by HARRIS, P.J., and CARTER, ANDREASEN, TERNUS, and SCHULTZ,[*] JJ.
CARTER, Justice.
M.B., the natural mother of children, A.B. and N.B., who were adjudged to be children in need of assistance in an Iowa district court juvenile proceeding, appeals from a judgment recognizing the orders of a Texas court as a basis for not compelling the return of the children to her custody in Iowa following their visitation with their natural father, T.B., in the state of Texas. The mother contends that the Texas court was without jurisdiction. Because we agree with that contention, we reverse the judgment of the juvenile court and remand the case to that court for further proceedings consistent with this opinion.
M.B. and T.B. separated in 1988, and their marriage was dissolved by an Alabama court in 1989. That court made no determination concerning child custody. The children involved, ages ten and eight at the time of the CINA adjudication, have, prior to August of *104 1996, lived with their mother in Wisconsin and Iowa since 1988. These children were adjudicated in need of assistance in July of 1996, and their temporary custody was placed in their mother, subject to continuing supervision of the Iowa Department of Human Services. The same order granting temporary custody to their mother who resided in Dubuque, Iowa, authorized summer visitation with their father in the state of Texas.
When the children arrived in Texas for visitation with their father in August of 1996, he acted almost immediately to obtain an ex parte order from the District Court of Bexar County, Texas, granting him temporary custody of the children and enjoining the mother from removing them from the state of Texas. At a subsequent hearing, of which the mother had notice but did not attend, the provisions of the ex parte order were confirmed by the Texas court.
Acting on the request of the state of Iowa, the Iowa juvenile court issued a rule to show cause to be served on the father, requiring him to give reason why he should not be found in contempt for not returning the children to their mother in Iowa at the conclusion of the summer visitation authorized by the Iowa juvenile court. The father appeared through counsel at the show-cause hearing. After hearing the evidence presented, the Iowa juvenile court concluded that the Texas court had jurisdiction to enter the orders granting custody of the children to the father and, consequently, declined to find T.B. in contempt. The Iowa juvenile court also declined to order the return of the children to this state for continuing juvenile court involvement. Instead, the court dismissed the pending CINA proceeding as moot.
The same order granting the mother temporary custody subject to continuing juvenile court CINA involvement and granting the father visitation provided:
The court authorizes concurrent jurisdiction pursuant to Iowa Code Section 232.3 for purpose of the parties litigating the issues of custody and visitation.
The statute referred to by the court provides:
1. During the pendency of an action under this chapter, a party to the action is estopped from litigating concurrently the custody, guardianship, or placement of a child who is the subject of the action, in a court other than the juvenile court....
2. The juvenile court with jurisdiction of the pending action under this chapter, however, may, upon the request of a party to the action or on its own motion, authorize the party to litigate concurrently in another court a specific issue relating to the custody, guardianship, or placement of the child who is the subject of the action.
Iowa Code § 232.3 (1995).
In ruling on the issues presented by the rule to show cause, the juvenile court stated:
[P]ursuant to [this court's] order of July 25th, 1996, authorization ... was given pursuant to Iowa Code section 232.3 for concurrent jurisdiction for purpose of the parties litigating the issues of custody and visitation.... Although it was certainly contrary to the tenor of the court's order for the father to fail to return the children from their summer visit from the State of Texas, the mother was given the opportunity to respond to proceedings in the State of Texas during the month of August on [the father's] application for temporary orders and she neglected to respond personally or by representation after having been served with said papers. Although the court is aware of the mother's financial constraints, she had legal rights and responsibilities to respond to said action in the State of Texas if she objected to their taking jurisdiction and the temporary orders, and she failed to do so and thereby waived her right to come before this court at this time and contest the jurisdictional issues. The State of Texas did accept jurisdiction over the children, and as the State of Texas is not their home state, the court only assumes that it was a "best interest" standard that was utilized.
After reviewing the record and considering the arguments presented, we disagree with the conclusions of the juvenile court in several respects. The first area of disagreement is that court's conclusion that, *105 when a juvenile court grants concurrent jurisdiction of custody and visitation issues to another court under section 232.3, the other court is thereby empowered to enter orders that conflict with or frustrate the placement that the juvenile court has temporarily established for purposes of a pending CINA proceeding. We are convinced that this is not the intent of section 232.3. Custody or visitation orders entered by a court granted "concurrent jurisdiction" under this statute are only determinative of the rights of the parents inter se if and when the juvenile court's placement of the children during their CINA status has been rendered of no further effect by orders of the juvenile court.
Simultaneous termination of the juvenile court's involvement was present in this court's application of section 232.3 in In re Guardianship of Murphy, 397 N.W.2d 686, 688-89 (Iowa 1986), relied on by the father. That is not the situation here. Continued involvement with the juvenile court following the CINA adjudication was confirmed by the court's order, and further hearings were to take place in January of 1997. Thus, even if the Texas court did have jurisdiction under the Uniform Child Custody Jurisdiction Act (UCCJA) to render an original custody decree effective between the parents inter se, it was precluded by full-faith and credit principles from frustrating Iowa's interest in protecting children in need of assistance domiciled in this state.
A second point of disagreement with the juvenile court's order results from our conclusion that the Texas court did not have jurisdiction under the UCCJA to enter a custody order binding between the parents inter se.[1] These children had resided continuously in the state of Iowa for more than six consecutive months and prior thereto had resided with their mother in the state of Wisconsin for several years. They had only been in Texas a few weeks for the limited purpose of exercising parental visitation pursuant to the orders of the Iowa juvenile court. As the juvenile court correctly noted, Texas was clearly not the home state of the children. That status is defined as
the state in which the child, immediately preceding the time involved, lived with the child's parents, a parent, or a person acting as a parent, for at least six consecutive months....
Iowa Code § 598A.2(5). Home state status is a prerequisite to jurisdiction under subsection (a) of Iowa Code section 598A.3(1). See In re Marriage of Bolson, 394 N.W.2d 361, 364 (Iowa 1986).
Although subsections (b), (c), and (d) of section 598A.3(1) recognize that there are situations in which jurisdiction may exist under the act in the absence of home state status, those situations are not present in the case now under consideration. These statutory provisions read as follows:
A court of this state which is competent to decide child custody matters has jurisdiction to make a custody determination by initial or modification decree if:

a. [Home state status exists.]

b. It is in the best interest of the child that a court of this state assume jurisdiction because the child and child's parents, or the child and at least one contestant, have a significant connection with this state, and there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships; or

c. The child is physically present in this state, and the child has been abandoned or it is necessary in an emergency to protect the child because the child has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent; or

d. It appears that no other state would have jurisdiction under prerequisites substantially in accordance with paragraph "a", "b", or "c", or another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine the custody of the child, and it is in the best interest of *106 the child that this court assume jurisdiction.
The "best interest" alternative created by subsection (b) does not merely involve a determination of the general welfare of the children. It is a tightly circumscribed status that requires both the child and at least one of the contesting parents to have a significant connection with the state and the presence of substantial evidence concerning the child's welfare and personal relationships to be available in that state. The father argues that the children had sufficient contacts with Texas because they were enrolled in school for the 1996-97 school year. In addition, he notes that the children have been placed in counseling in Texas, and their counselor is now able to give evidence regarding their best interests. The matters upon which the father relies as creating a substantial connection with Texas all arose subsequent to the filing of his petition in the Texas court. These postpetition contacts cannot be considered when analyzing Texas' subject matter jurisdiction under the UCCJA. See Pierce v. Pierce, 287 N.W.2d 879, 882 (Iowa 1980).
We also reject the contention that subsection (c) of section 598A.3(1) applies so as to confer jurisdiction on the Texas court. Although the children were physically present in Texas, they had not been abandoned and there was no emergency that required protection of the children. The exigencies that existed vis-à-vis the children's best interests were being controlled by the Iowa juvenile court. With respect to the perceived need for a permanent custody decision by a court of general jurisdiction to become effective when the CINA proceeding was concluded, there is absolutely nothing in the record to suggest that it was in the children's best interest to have that issue determined by the state of Texas rather than by the courts of their home state.
Nor is jurisdiction conferred by subsection (d) of section 598A.3(1) on the basis that the juvenile court's order authorizing concurrent jurisdiction amounted to a declination of jurisdiction in favor of the Texas forum. Assuming without deciding that a juvenile court in the home state is empowered to bypass the general jurisdiction courts of that state in favor of an out-of-state forum based on the considerations enumerated in subsection (d), the juvenile court did not do so in the present case. Nor did it ratify a declination of jurisdiction after the fact. Its order in the contempt proceeding clearly stated that the relief the father sought in the Texas court was contrary to the tenor of the juvenile court's earlier orders. It only recognized the validity of the Texas court's orders because of its belief that the mother had waived her jurisdictional challenges by not raising them in the Texas action.
The mother contends that only an Iowa court may be granted concurrent jurisdiction of custody issues under section 232.3 by an Iowa juvenile court. Although we find that interpretation of the statute is too restrictive, the present case vividly illustrates the practical concerns that can arise from permitting such adjudications by the courts of other states while a CINA proceeding is pending in Iowa. This should only be done when the facts demand it and with assurance that it will not ultimately frustrate the jurisdiction of the Iowa juvenile court. In addition, unless the express findings required by subsection (d) of section 598A.3(1) have been made, a juvenile court should not grant concurrent jurisdiction to an out-of-state court that does not have jurisdiction under the UCCJA in the absence of such findings.
Our final area of disagreement with the juvenile court's order is that court's conclusion that the mother was required to appear and challenge the jurisdictional issue in the Texas court on penalty of losing by default. This is clearly not the case. The provisions of Iowa Code section 598A.12, which are identical with the Texas version of the UCCJA, speak directly to the preclusive effect of an order rendered against a nonappearing party "with an opportunity to be heard." This statute provides that such orders are not binding on a party unless the court issuing the order had jurisdiction under section 598A.3 [section 3 of the UCCJA]. Because the Texas court did not have jurisdiction under that section, the mother was free to challenge the jurisdiction of the Texas court in the Iowa juvenile court.
*107 We have considered the father's argument that it is in the children's best interest to remain in his custody in Texas. The merits of that claim may not appropriately be considered by us in connection with deciding the legal issues presented on this appeal. These are matters that can be advanced in the juvenile court during the pendency of the CINA proceedings or in another court granted concurrent jurisdiction under section 232.3 provided that the other court has jurisdiction under the UCCJA.
Because the juvenile court's finding that the father was not in contempt was induced by an erroneous conclusion of law, we reverse that order. We do not suggest what the ultimate ruling on the contempt issue should be. We do point out, however, that under section 232.103(4) CINA adjudication status is not to be terminated until the child is "no longer in need of supervision, care or treatment." See Murphy, 397 N.W.2d at 689. Consequently, we vacate the order terminating the CINA proceedings and direct that, on remand, the juvenile court order the father to return the children to the state of Iowa forthwith to submit to the further orders of that court.
For the reasons stated, we reverse the order of the juvenile court and remand that case to that court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
NOTES
[*] Senior Judge assigned by order pursuant to Iowa Code section 602.9206 (1997).
[1] Both Iowa and Texas have adopted the provisions of the UCCJA that are identified and relied on in this opinion. For convenience, we will only make reference to the Iowa statutory designations.