**IN THE COURT OF APPEALS OF IOWA**

No. 14-0021
Filed March 12, 2014

**IN THE INTEREST OF Z.F.,**
      **Minor Child,**

**C.F., Father,**
      Appellant,

**M.I., Mother,**
      Appellant.

_____

Appeal from the Iowa District Court for Polk County, Colin J. Witt, District Associate Judge.

C.F. and M.I. appeal the district court order terminating their parental rights. **AFFIRMED.**

Magdalena Reese of Cooper, Goedicke, Reimer & Reese, West Des Moines, for appellant-father.

Susan R. Stockdale, Des Moines, for appellant-mother.

Thomas J. Miller, Attorney General, Janet L. Hoffman, Assistant Attorney General, John P. Sarcone, County Attorney, and Susan Cox, Assistant County Attorney, for appellee.

Erin Mayfield of Youth Law Center, Des Moines, attorney and guardian ad litem for minor child.

Considered by Potterfield, P.J., and Doyle and Bower, JJ.

**BOWER, J.**

C.F. and M.I. appeal the district court order terminating their parental rights. The parents claim the district court should have granted concurrent jurisdiction so a guardianship could have been established for the child. C.F., the father, also claims there were insufficient grounds to support termination of his rights and statutory exceptions to termination apply. We find termination of both parent's rights is in the child's best interests, we affirm.

## I. Background Facts and Proceedings

C.F. and M.I. are the parents of Z.F.[1] The child was removed from the home on November 7, 2012, because authorities were unable to check on the welfare of the child following allegations the mother, M.I., was using drugs. At the time of removal, the father, C.F., was incarcerated. C.F. remained incarcerated throughout this case. After a removal hearing the child was placed with the paternal grandmother.

The child was found to be in need of assistance during a hearing on January 8, 2013. During a permanency hearing on May 28, 2013, the court found the child could be returned to M.I. if certain behavioral changes were made. The State filed a petition to terminate parental rights after those changes did not occur.

During the termination hearing, both parents asked the court to consider allowing concurrent jurisdiction so a guardianship could be established. The goal

---

[1] The original child in need of assistance petitions were filed alleging Z.F. and a sibling, C.M., were in need of assistance. C.F. is not C.M.'s father, and the case involving C.M. was closed after the child was placed with the child's father. Only issues regarding Z.F. are before us.

of the concurrent jurisdiction request was to provide both parents with additional time so they could avoid termination of their parental rights.

The juvenile court terminated the parents' rights on December 26, 2013. The request for concurrent jurisdiction was denied because termination provided permanency, which was found to be in the best interests of the child. The juvenile court also found termination and the subsequent adoption by the paternal grandmother would provide the parents an opportunity to have a relationship with the child should they change their longstanding behaviors. Conversely, a guardianship would not create that kind of permanency and protection for the child.

## II.      Standard of Review

Our review of termination proceedings is de novo.  *In re A.B.*, 815, N.W.2d 764, 773 (Iowa 2012). We give weight to the factual findings of the district court, particularly on matters of credibility, but we are not bound by them.  *Id.*

## III.      Discussion

Both C.F. and M.I. appeal termination of their parental rights because the court denied their request for concurrent jurisdiction so a guardianship could be established.  Only C.F. argues there were insufficient grounds for termination and statutory exceptions to termination apply.

### A.      Concurrent Jurisdiction

Iowa Code section 232.3(2) (2013) allows a district court to authorize concurrent jurisdiction in another court regarding certain specific issues, including whether a guardianship should be established.  The decision to do so is

discretionary and must be exercised in the best interests of the child. *In re R.G.*, 450 N.W.2d 823, 825 (Iowa 1990).

The record supports the juvenile court's decision that creating a guardianship would not be in the child's best interests. The child is doing well in pre-adoptive care with the paternal grandmother, and termination serves the child's best interests by providing for immediate permanency and the promise of stability. Considering both parents' ongoing problems with drug use,[2] termination establishes a wall between the child and the inconsistent attempts at parenting, a wall that would be absent if a guardianship were established.

### B.     Termination Grounds and Statutory Exceptions

C.F. claims the district court erred in finding termination was proper and statutory exceptions to termination did not apply. The State contends these arguments were not presented to the juvenile court, which stated "[n]either parent requested reunification or return," and accordingly are not preserved for appeal. Because the district court expressly considered and ruled upon termination pursuant to section 232.116(1)(h) and the statutory exceptions to termination under section 232.116(3), we will consider C.F.'s arguments.

Section 232.116(1)(h) allows for termination when the child is three years of age or under, has been adjudicated in need of assistance, has been removed from the parents for at least six of the last twelve months, and there is "clear and convincing evidence that the child cannot be returned to the custody of the child's

---

[2] M.I. missed a number of drug screens during the pendency of this case and, during one visit, admitted using certain illegal substances. When later questioned by a department of human services caseworker, M.I. did not remember admitting to using the substances and said she "must have been drunk" when she made the statement.

parents . . . at the present time." C.F., citing only to authority that holds termination should be a last resort, claims there is not clear and convincing evidence the child could not be returned to his care. We disagree. At the time of the termination hearing, C.F. was incarcerated for a parole violation. Even if he were available to care for the child, his stated interest in participating in substance abuse treatment, anger management,[3] and other services is entirely speculative. His lengthy criminal history is evidence a guardianship is unlikely to address these issues. We find clear and convincing evidence the child could not be returned to C.F.'s care at the present time.

C.F. also argues termination should not have been granted because the child was placed with a relative and was not in the child's best interests because of the closeness of the parent-child relationship. *See* Iowa Code § 232.116(3)(a), (c). Section 232.116(3)(a) provides termination need not occur if "[a] relative has legal custody of the child". The district court found none of these exceptions should prohibit termination in this case. We agree. The child is not in the custody of relatives, but instead legal custody has been transferred to the department of human services. *See In re A.M.*, No. 13-1336, __ N.W.2d ___, ___ (Iowa 2014). Further, placement with a relative is, as we previously explained, insufficient to protect the child from the parents many issues. Only termination will give the child the permanency, safety, and stability needed. We also agree termination is in the child's best interest despite the parent-child

---

[3] At one point during the pendency of this case, C.F. threatened a department of human services caseworker and threatened to take the child at gunpoint upon his release from prison.

relationship. Though there is evidence C.F. has maintained contact with the child, the contact has been limited by his continued incarceration. The child is thriving with the paternal grandparent and there is no evidence the child has the type of close relationship with the father that would justify applying the exception to termination.

**AFFIRMED.**