# IN THE COURT OF APPEALS OF IOWA

No. 17-0619
Filed July 6, 2017

**IN THE INTEREST OF T.B., Z.Y., and C.Y.,**
**Minor Children,**

**M.U., Mother,**
     Appellant.

_____

Appeal from the Iowa District Court for Washington County, Crystal S. Cronk, District Associate Judge.

A mother appeals the juvenile court's authorization of concurrent jurisdiction in district court for determination of issues of child custody and support. **AFFIRMED.**

John G. Daufeldt of Daufeldt Law Firm, P.L.C., Conroy, for appellant mother.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

Kathryn J. Salazar of Lamping, Schlegel & Salazar, L.L.P., Washington, guardian ad litem for minor children.

Considered by Vogel, P.J., and Doyle and McDonald, JJ.

**DOYLE, Judge.**

This appeal concerns three children adjudicated to be children in need of assistance (CINA) based on their mother's methamphetamine use.[1] The parties stipulated to the CINA adjudication, and the juvenile court placed Z.Y. and C.Y. in their father's care and placed T.B. with a relative. After the State moved to modify the children's placement to return them to the mother's care, the father of Z.Y. and C.Y. resisted and moved for concurrent jurisdiction to litigate the children's custody.[2] The juvenile court authorized concurrent jurisdiction to any of the parents to seek custodial or support orders in district court. The mother appeals.

The sole question presented in this appeal is whether the juvenile court erred in granting concurrent jurisdiction. During a CINA proceeding, the juvenile court has exclusive jurisdiction over custody, guardianship, or placement of the children involved. *See* Iowa Code § 232.3(1); *In re K.R.*, 537 N.W.2d 774, 777 (Iowa Ct. App. 1995). However, the juvenile court may authorize a party to litigate the children's custody concurrently in another court. *See* Iowa Code § 232.3(2). The juvenile court has the legal discretion to authorize concurrent jurisdiction and must exercise this discretion in the children's best interests. *See In re R.G.*, 450 N.W.2d 823, 825 (Iowa 1990).

In his motion, Z.Y. and C.Y.'s father requested concurrent jurisdiction to pursue physical care of the children. He argued that the mother's history of

---

[1] Z.Y. and C.Y. share a father, and T.B. has a different father.
[2] T.B.'s father objected to the State's motion. He orally requested concurrent jurisdiction at the March 7, 2017 dispositional hearing.

addiction made it "likely" he would prevail in such a case. He also noted the children's need for stability and permanency, arguing concurrent jurisdiction would allow him to pursue that goal and would therefore be in the children's best interests.

The mother resisted the motion, arguing the father "should not be allowed concurrent jurisdiction in order to seize an opportunity in District Court to circumnavigate this Juvenile Court's dispositional authority. Especially, when he cannot effectively argue in Juvenile Court that allowing him legal custody of the Minor Children is in their best interests." However, granting concurrent jurisdiction does not allow the district court "to enter orders that conflict with or frustrate the placement that the juvenile court has temporarily established for purposes of a pending CINA proceeding." *A.B. v. M.B.*, 569 N.W.2d 103, 104-05 (Iowa 1997). Rather, any custody order entered by a court granted concurrent jurisdiction only determines custody rights "if and when the juvenile court's placement of the children during their CINA status has been rendered of no further effect by orders of the juvenile court." *Id.* at 105.

In its dispositional order regarding Z.Y. and C.Y., the juvenile court found the least restrictive placement appropriate for the children was for custody to "remain" placed with the children's mother. It ordered Z.Y. and C.Y. to remain in their father's physical care until June 3, 2017,[3] and that the parties establish a visitation schedule to allow the children meaningful time with both parents during the summer vacation. It also ordered the Washington County Department of

---

[3] Later separate orders clarify that Z.Y. and C.Y. "shall remain in the physical placement of [their] father . . . until further hearing on the request for change of placement. The child[ren] shall remain in [their] father's care and shall attend school."

Human Services (DHS) to supervise Z.Y. and C.Y.'s placement. The court granted concurrent jurisdiction for either parent to seek custodial/support orders in district court.

In its dispositional order regarding T.B., the juvenile court found the least restrictive placement appropriate for the child was for custody of the child to "remain" placed with the child's mother. The court noted the father of T.B. requested visitation and the mother agreed. The court ordered the DHS to supervise T.B.'s placement. The court granted concurrent jurisdiction for either parent to seek custodial and/or support orders in district court.

Although the juvenile court's dispositional orders do not specifically order physical placement of the children with the mother,[4] the State and guardian ad litem both recommended transferring care to the mother, indicating both parents are suitable caregivers even though the purpose of the dispositional order remain. These are the circumstances under which an order granting concurrent jurisdiction is appropriate. *See In re A.T. & A.D.*, 799 N.W.2d 148, 153 (Iowa 2011) ("Such an order is appropriate when both parents are suitable caregivers, but the juvenile court is not yet able to terminate the proceedings because the purposes of the dispositional order have not been accomplished and the child still needs supervision, care, or treatment."). In addition, the DHS recommended the court grant concurrent jurisdiction, and the guardian ad litem was in agreement. We find no abuse of discretion in the juvenile court's decision to grant concurrent jurisdiction. *Cf. In re B.G.*, No. 07-0839, 2007 WL 2119015, at *1 (Iowa Ct. App.

---

[4] A subsequent ruling on the motion for change of disposition regarding T.B. indicates "the dispositional order plac[ed] custody of the child with the child's mother."

July 25, 2007) (holding juvenile court did not abuse its discretion in denying a request for concurrent jurisdiction where the court, in attending to the children's best interests, noted that neither parent was in a position to care for the children at that time).

**AFFIRMED.**