# IN THE COURT OF APPEALS OF IOWA

No. 18-1164
Filed October 10, 2018

**IN THE INTEREST OF A.K.,**
**Minor Child,**

**B.K., Father,**
        Appellant.

_____

Appeal from the Iowa District Court for Madison County, Kevin A. Parker, District Associate Judge.

The father of a child who was adjudicated in need of assistance appeals an order granting the district court concurrent jurisdiction to proceed with a guardianship action. **AFFIRMED.**

Bryan J. Tingle of Tingle Law Office, Des Moines, for appellant father.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

Penny B. Reimer of Cooper, Goedicke, Reimer & Reese, PC, West Des Moines, guardian ad litem for minor child.

Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**VAITHESWARAN, Presiding Judge.**

The father of a child who was adjudicated in need of assistance appeals an order granting the district court concurrent jurisdiction to proceed with a guardianship action.

The relevant background facts and proceedings are as follows. The State filed a petition to have a teenager adjudicated a child in need of assistance. The petition was based on child-abuse assessments finding the child's father physically abused the teen and the mother used methamphetamine while caring for her. The juvenile court granted the petition and initiated reunification services. The father cooperated with services, and the child was reunited with the father.

Almost immediately, the child informed the department of human services that the father abused her again. The juvenile court granted the State's application to have the child transferred to shelter care.

At the same time, the child's adult half-sister filed a district court petition to serve as guardian of the child. The juvenile court granted the district court concurrent jurisdiction to proceed with the guardianship matter, reasoning as follows:

> [The child] is currently in shelter [care]. The parents do not appear to be a viable option at this time. [The child] is sixteen years of age and has a half-sibling willing to care for her. She resides in South Dakota . . . . Concurrent jurisdiction is in [the child's] best interest, since the juvenile court has not found a permanent solution to assist [the child's] placement.

The child's father contends the juvenile court "pawn[ed] off a difficult situation to another court to make a determination that could directly affect the long

term health and welfare of a child currently in the custody of [the Department of Human Services]." We disagree.

A juvenile court exercises exclusive jurisdiction over child-in-need-of-assistance proceedings. Iowa Code § 232.61(1) (2017). The court may grant a district court concurrent jurisdiction to address particular issues, including guardianships. *Id.* § 232.2(3)(2). The court's "discretion must be exercised in the best interests of the child." *In re R.G.*, 450 N.W.2d 823, 825 (Iowa 1990).

At a hearing on the concurrent-jurisdiction motion, the department employee assigned to the case initially testified it was safe to return the child to her father's home. Later, she backtracked, stating participation in family therapy would be a necessary precursor to reunification. She noted that the sixteen-year-old child was not in favor of returning to her father's home at that point and the child's therapist recommended against reunification. She expressed no opposition to a grant of concurrent jurisdiction to proceed with the guardianship action and testified that, if the guardianship petition did not advance, she would be asking to move the child "to relative placement or foster care so [the child] doesn't stay in shelter."

At the conclusion of the hearing, the juvenile court attempted to quell the father's concerns that the grant of concurrent jurisdiction was simply an effort to pass on a difficult decision. The court stated the department would continue its involvement until an interstate compact study of the half-sister's home could be completed. The court further stated, "[E]ven if the guardianship is granted in district court, that doesn't mean this court isn't going to remain as the decider of where [the child] is going to live or what services she'll receive."

On our de novo review, we are convinced the juvenile court's grant of concurrent jurisdiction was appropriate. The concurrent-jurisdiction order is affirmed.

**AFFIRMED.**