**IN THE COURT OF APPEALS OF IOWA**

No. 23-0829
Filed July 26, 2023

**IN THE INTEREST OF T.M., T.W., M.W., and A.W.,**
**Minor Children,**

**A.M., Mother,**
        Appellant.
_____

        Appeal from the Iowa District Court for Appanoose County, William S. Owens, Associate Juvenile Judge.

        The mother appeals a permanency ruling declining to grant her another six months to work toward reunification and the grant of concurrent jurisdiction to the district court. **AFFIRMED.**

        Julie De Vries of De Vries Law Office, PLC, Centerville, for appellant mother.

        Jonathan Willier, Centerville, for appellee father J.H.

        Monte M. McCoy, Centerville, for appellee father J.W.

        Brenna Bird, Attorney General, and Mackenzie L. Moran, Assistant Attorney General, for appellee State.

        Debra A. George of Griffing & George Law Firm, PLC, Centerville, attorney and guardian ad litem for minor children.


        Considered by Bower, C.J., Greer, J., and Blane, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2023).

**BLANE, Senior Judge.**

The mother appeals a permanency ruling denying her request for an extension of time for reunification. She also contests the juvenile court's grant of concurrent jurisdiction to the district court for custody determinations. We affirm.

Amber is the mother of A.W., M.W., T.W., and T.M. Their ages range from fifteen to five years. The father of the three older children is James; T.M.'s father is Justin.[1] The department of health and human services became involved with the family in January 2022 following reports Amber was using methamphetamine. The court gave the fathers custody of the children, with monitoring by the department. The children have all generally done very well with their fathers. The court also ordered Amber to get substance-abuse and mental-health evaluations and treatment. But Amber made very little progress over the course of this case. After several months of missed appointments, she relapsed on methamphetamine in September 2022. She also continued a volatile relationship with a paramour who she reported had put a gun to her head.

After September, Amber began substance-abuse treatment and provided a couple negative drug tests. But she was jailed in the winter for a probation violation. She was released in January 2023 and began having semi-supervised interactions with the children. But in February, Amber's drug test showed she had relapsed on methamphetamine. When she met with her social worker to discuss the test results in March, Amber explained that she had been using

---

[1] The children's guardian ad litem (GAL) and Justin filed responses to Amber's petition on appeal. James filed a joinder to the GAL's brief, and the State deferred to the GAL too.

methamphetamine since January. The department decided to return to fully supervised visits. Amber's substance-abuse treatment was unsuccessful and she was discharged.

The court set a permanency review hearing for mid-April 2023. Amber made appointments to restart substance-abuse and mental-health services in the first two weeks of April. At the hearing, Amber was living with her sister, which was not a suitable place to have visits with the children, and about to begin working at a restaurant. She was also planning to find her own apartment, but did not have specific plans in place. She had, however, ended her relationship with the violent paramour.

The children had been out of Amber's care for a year and, contrary to her wishes, the court declined to grant her another six months to work toward reunification: "In light of Amber's lack of progress—including her recently reported resumed use of methamphetamine it would not be appropriate to provide her with additional time . . . ." Since physical care of the children was subject to earlier court orders, the juvenile court also granted concurrent jurisdiction to the district court to resolve custody issues given the children were now in their fathers' custody. Amber appeals.

Our review is de novo. *In re J.S.*, 846 N.W.2d 36, 40 (Iowa 2014).

Amber makes two arguments: First, she contends the court should have granted her extra time to work toward reunification under Iowa Code section 232.104 (2023). That section provides that, after a permanency hearing, the court may take one of several courses of action. *See* Iowa Code § 232.104(2)(a)–(d). One of those options is to extend the child-in-need-of-assistance proceedings for

another six months.  *Id.* § 232.104(2)(b).  The court must explain what factors, conditions, or expected behavioral changes lead it to believe the need for removal of the children will no longer exist after that period.  *Id.*

Amber contends the testimony at trial revealed no safety concerns and she was participating in services.[2]  Citing *In re Blackledge*, 304 N.W.2d 209, 214 (Iowa 1981), she asserts, "A child is to be returned if evidence shows return will not produce harm."  And she admits that "lack of housing sufficient for children" remained a concern.  In *Blackledge*, the supreme court returned children where it found the mother had "negat[ed] the risk of recurrence of harm."  309 N.W.2d at 214.  Amber has not done that here.  This case began with concerns about Amber's drug use, and she has not completed a course of treatment—either for substance abuse or for mental health—and has not shown any sustained sobriety.  She has had multiple relapses, as recently as the month before the permanency hearing.  She had begun a new substance-abuse treatment program only two weeks before the hearing.  There is no reason to believe this pattern of events will resolve in six months.  The risk remains that the children will be harmed in Amber's care due to her unresolved addiction.  Finally, as Amber admits, she does not have stable housing suitable for the children and has only vague plans to obtain such housing.  We agree with the juvenile court that an extension of six months was unwarranted.

---

[2] She points out the court referenced section 232.104(2)(d)(2) in its ruling, which provides for transfer to a "suitable other," while section 232.104(2)(d)(1) provides for transfer to a noncustodial parent.  We are unconcerned with this apparent typographical error.

Second, Amber disagrees with the court's ruling on its own motion to grant concurrent jurisdiction to the district court to determine custody arrangements for her three older children because their father, James, did not move for transfer of jurisdiction. Generally, the juvenile court retains jurisdiction of chapter 232 cases. Iowa Code § 232.3(1). But it can "upon the request of a party to the action or on its own motion" allow the party to litigate a specific "custody, guardianship, or placement" issue in the district court. *Id.* § 232.3(2). The court must give the parties a chance to be heard. *Id.* And the final decision must be in the children's best interests. *In re R.G.*, 450 N.W.2d 823, 825 (Iowa 1990). Our review of such a decision is for an abuse of discretion. *See id.* at 825–26.

Amber contends the court erred because the first notice the parties had that the court was considering granting concurrent jurisdiction for the older children was when it filed the permanency order.[3] Still, Amber did not raise her concern in a post-ruling motion to enlarge and amend, so error is not preserved. *See In re B.J.*, No. 07-1229, 2007 WL 2965039, at *1 (Iowa Ct. App. Oct. 12, 2007).

**AFFIRMED.**

---

[3] The GAL responds Amber had notice because Justin moved for concurrent jurisdiction before the hearing. This misses Amber's point about the other children. But on our review of the hearing transcript, we also note that the court discussed concurrent jurisdiction with the parties, and James's attorney represented that he was unsure if there was any custody order in effect. The GAL supplied that there was an earlier custody order in place and requested that, if the court granted concurrent jurisdiction for Justin's child, it grant the same for the other children. The court then promised to look at the evidence and testimony and consider both whether to grant the extra six months and whether to grant concurrent jurisdiction for the "respective fathers." James raised no objection at the hearing.